STATE of Iowa, Appellee,

v.

Monte Ray MANSER, Appellant.

No. 00–0565.

Court of Appeals of Iowa.

March 28, 2001.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Denise A. Timmins, Assistant Attorney General, Kevin Parker, County Attorney, and Jane Orlanes, Assistant County Attorney, for appellee.

Heard by HUITINK, P.J., and VOGEL and MAHAN, JJ.

VOGEL, J.

Monte Ray Manser appeals the judgment and sentence entered upon his guilty plea to assault with injury in violation of Iowa Code sections 708.1 and 708.2(2). Manser contends that the district court exceeded its statutory authority when it imposed completion of a batterer's education program as a term of sentence. Because we find the Iowa Code did not authorize the imposition of such sentencing term, we vacate the sentencing order of the district court and remand for resentencing.

***Background Facts.*** As a result of Manser's assault on Kelly Kohrs while she was holding her minor son, the State charged Manser with harassment, criminal mischief, child endangerment and assault with injury,[1] and a harassment no contact order was issued. Pursuant to an agreement with the State, Manser stipulated to contempt for a violation of the no contact order[2] and entered guilty pleas to assault with injury, and child endangerment.[3] When the court imposed sentence on the assault with injury count, in addition to ordering a fine, surcharge and jail time, and specifying the date the no contact

---

1. The Information charged Manser with harassment, first degree in violation of Iowa Code §§ 708.7(1)(b) and 708.7(2) (1999), criminal mischief in the fourth degree in violation of Iowa Code §§ 716.1 and 716.6 (1999), child endangerment in violation of Iowa Code § 726.6(3) (1999), and assault with injury in violation of Iowa Code §§ 708.1 and 708.2(2) (1999).

2. We note that the district court's judgment entry on the contempt finding is filed under a simple misdemeanor criminal case name, and references a violation of Iowa Code § 236.8. Violation of a harassment no contact order is not regulated by Chapter 236, but is governed by Iowa Code § 708.12. That section clearly states any violation of such a no contact order

is punishable by a summary contempt proceeding, which is quasi-criminal in nature. *See* Iowa Code § 708.12(4) (1999). However, no objection was lodged in regard to these inconsistencies and error was not raised on appeal.

3. In addition to the dismissal of the harassment and criminal mischief counts, the plea agreement included imposition of a batterer's education program as a condition of Manser's sentence. At the plea proceeding Manser consented to the plea bargain but reserved his right to object to the court's ability to impose this requirement. The court accepted the plea bargain subject to that condition.

order would expire,[4] it directed the defendant to complete a batterer's education program. The Court did not order any form of probation. Manser contends that, as he was neither charged with nor pled guilty to a domestic abuse assault, imposition of the batterer's education requirement constituted an illegal sentence.

■ *Scope of Review.* Our review is for correction of errors at law. Iowa R.App.P. 4; *State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996). A sentence must comply with all applicable statutes. If a sentence is not authorized by statute, it is void. *State v. Kapell,* 510 N.W.2d 878, 879 (Iowa 1994). A sentence imposed in accordance with applicable statutes will be overturned only for an abuse of discretion or a defect in the sentencing procedure, such as consideration of impermissible factors. *State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983).

■ In determining an appropriate sentence a court may look to the facts and circumstances surrounding the crime. *See State v. LeGrand,* 501 N.W.2d 59, 63–64 (Iowa Ct.App.1993). A sentencing court may consider or rely on unprosecuted charges if they are admitted by the defendant or otherwise proven. *State v. Black,* 324 N.W.2d 313, 315 (Iowa 1982). A court may even look to facts underlying an acquitted offense so long as those facts were sufficiently established by the record and were significant to the sentencing issue. *See State v. Longo,* 608 N.W.2d 471, 474–75 (Iowa 2000). The relevant inquiry is whether the record before the sentencing court contains a reasonable basis for imposing the term in question. *See State v. Jorgensen,* 588 N.W.2d 686, 687 (Iowa 1998).

■ *Batterer's Treatment Program.* A person convicted of a first or second offense or receiving a deferred judgment for domestic abuse assault must participate in a batterer's treatment program. Iowa Code §§ 708.2A and 708.2B (1999). Although this type of treatment program was initially developed for domestic abuse offenders, nothing in the authorizing provisions limits its application to this group of defendants. *Id.* Accordingly, it would be available as a term of sentence for a non-domestic assault so long as its imposition was both·reasonable and otherwise authorized by statute.

■ The record before the district court, while admittedly scant, does indicate that imposition of a batterer's treatment requirement was reasonable in light of the relationship between the parties. During sentencing the prosecutor stated the deposition of Kohrs revealed facts supportive of a charge of domestic abuse assault with injury, specifically referencing statements regarding Kohrs' relationship with Manser and whether the two were living together at the time of the assault. Defense counsel disputed the prosecutor's interpretation of the deposition testimony, and offered Kohrs' deposition for the court's review. When the court did not respond to this offer, defense counsel did not press the matter. Defense counsel did proceed to note facts revealed during the deposition that would support an inference of cohabitation at the time of the assault.

The court then stated my inclination is to believe that the batterer's education program cannot hurt this guy and may well help with . . . this kind of charge, and I'm included [sic] to lean toward the State. . . . The decision to impose a batterer's education requirement finds support in the minutes of testimony and the police

---

4. The judgment entry stated that the no contact order would expire on March 24, 2005,

even though the harassment count ·was dismissed. *See* Iowa Code § 708.12(3) (1999).

report, which indicate the assault occurred because Manser was enraged over an alleged affair between Kohrs and someone named Jason. The existence of the no contact order under Iowa Code section 708.7 is further evidence of the volatile nature of the relationship between Kohrs and Manser.

■ All the foregoing discloses that Manser committed assault upon an intimate, and perhaps domestic, partner. A batterer's treatment program is aimed at educating and assisting someone in that very position. Given that sentencing courts should seek to rehabilitate defendants and protect the community from any further offenses, Iowa Code § 901.5 (1999), ordering Manser to attend and complete the program would have been a reasonable term of sentence, but only so long as imposition was statutorily authorized. Such authorization would have existed if Manser had been placed on probation, as a sentencing court may impose any reasonable probation condition to promote rehabilitation or community protection. Iowa Code § 907.6 (1999). As Manser was not placed on probation, the Iowa Code must contain some other specific grant of authority for requiring his attendance at the program.

Manser was sentenced for the crime of assault with injury, which is classified as a serious misdemeanor. Iowa Code § 708.2(2) (1999). Since Chapter 708 does not define any specific or particular sentence for this offense, the district court must be guided by general sentencing provisions. Under Chapter 903 the maximum sentence that can be imposed for a serious misdemeanor offense is a fine of at least

two hundred fifty dollars but not to exceed one thousand five hundred dollars. In addition, the court may also order imprisonment not to exceed one year. Iowa Code § 903.1(b) (1999). Further sentencing options are found in section 901.5, which governs the court's authority to grant a deferred judgment, suspend a sentence, impose fines and terms of incarceration, place a defendant on probation, order completion of substance abuse treatment, order revocation of operating privileges by the department of transportation, reconsider an imposed sentence, and deny certain benefits. Iowa Code § 901.5 (1999).

Neither these provisions, nor the other general-application sentencing provisions, sanction imposition of a batterer's education or treatment program as a term of sentence.[5] *Cf.* Iowa Code §§ 901.4A & 901.5(8) (1999) (authorizing, when appropriate, an order for a substance abuse evaluation and the completion of indicated treatment). As the Iowa Code does not contain a provision authorizing the imposition of a batterer's treatment program under the facts in this case, the sentencing term was outside of the statutory limits, and the sentence is void. We therefore vacate the sentence and remand for resentencing.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

---

5. See, e.g., Iowa Code § 910.2 (1999) (governing restitution and community service); Iowa Code §§ 911.1–.2 (1999) (governing sur-

charges); Iowa Code § 915.100(2)(a) (1999) (governing victim restitution).