**STATE of Iowa, Plaintiff–Appellee,**

v.

**Elliot Vernard WISE, Defendant–Appellant.**

No. 04–0547.

Court of Appeals of Iowa.

March 16, 2005.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Jill Dashner, Assistant County Attorney, for appellee.

Considered by HUITINK, P.J., and MILLER and EISENHAUER, JJ.

EISENHAUER, J.

Elliot Wise appeals his conviction and sentence for driving while barred, *see* Iowa Code section 321.561 (2003), alleging (1) trial counsel was ineffective for failing to object to irrelevant evidence and (2) the trial court imposed an illegal "conditional" sentence. We affirm the conviction, but remand for resentencing. *Background.* In September 2003, a Waterloo police offi-

cer was parked at a stop sign when a blue car drove toward him. According to the officer, the driver of the blue car noticed the officer, stopped, changed direction, and parked. The officer followed the blue car. At trial, he described the driver's race and height and stated the driver had a "bald head." The officer's description matched Mr. Wise. The officer testified Mr. Wise was driving the blue car.

According to the officer, he only briefly lost sight of the vehicle. After the officer pulled in behind the blue car, Mr. Wise got out of the vehicle and the officer approached him as Mr. Wise was standing by the vehicle's trunk. No other person was around the vehicle. The officer asked Mr. Wise to identify himself. According to the officer, Mr. Wise responded, "[Expletive], you know who I am." Mr. Wise further stated, "You know I ain't got no license." According to Mr. Wise's certified driving record, his license is barred until March 2009.

During direct examination of the officer, the following exchange took place between the prosecutor and the officer, without objection from defense counsel.

Q. When you initially made contact with the Defendant, did he have anything in his hand? A. Yes, he did.

Q. And what did he have? A. He had a can of beer.

The officer testified he did not see Mr. Wise driving with anything in his hands.

A jury convicted Mr. Wise, who appeared for sentencing on March 26, 2004. The State recommended two years' imprisonment, to be made consecutive to the sentence in a companion driving while barred case.[1] Mr. Wise requested a sus-

pended sentence. The court indicated it would impose a prison sentence, at first indicating it favored concurrent sentences. To accommodate his school schedule, the district court told Mr. Wise it would withhold mittimus until June 1, 2004 and further informed Mr. Wise his sentence in this case and the other driving while barred case would be concurrent, but would convert to consecutive sentences if (1) he failed to surrender on June 1 or (2) if he was "arrested for anything at all before June 1." In its written judgment and sentence, the district court provided Mr. Wise's sentences were consecutive, but would convert to concurrent sentences if the above two conditions were met.[2] Mr. Wise appealed on March 30, 2004.

■ *Scope of Review.* We review claims of ineffective assistance of counsel de novo. *State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999). We review challenges to a sentence based on illegality for the correction of errors at law. *State v. Liddell*, 672 N.W.2d 805, 815 (2003).

■ *Ineffective Assistance of Counsel.* Mr. Wise claims his trial counsel was ineffective for failing to object to the testimony about a beer in his hand when he stepped out of the vehicle. He argues this evidence is either irrelevant, *see* Iowa R. Evid. 5.402, or inadmissible under rules 5.403 and 5.404.

Defendants in criminal cases have a constitutional right to "the assistance of counsel," *see* U.S. Const. amend. VI, and that assistance must be effective. A person claiming ineffective assistance of counsel must rebut the presumption that counsel was effective by showing both (1) a failure to perform an essential duty and (2) result-

---

1. Mr. Wise appealed this companion case, which we also decide today. *State v. Wise*, No. 04–0548, 2005 WL 599969 (Iowa Ct.App. Mar. 16, 2005).

2. Mr. Wise does not indicate how this makes any meaningful difference.

ing prejudice. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). To show prejudice resulted from counsel's breach of an essential duty, a defendant must show, absent the breach, the outcome "would reasonably likely have been different." *Id.* at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.

Here, the evidence is undoubtedly irrelevant. Mr. Wise was not charged with any alcohol-related crime. The crime Mr. Wise was charged with has only two elements: he (1) was operating a motor vehicle (2) while his license was barred. Iowa Code § 321.561. That a police officer saw Mr. Wise with a can of beer in his hand made the existence of neither element more or less probable. *See* Iowa R. Evid. 5.401.

On appeal, the State does not attempt to defend this evidence's admissibility. Rather, the State argues Mr. Wise has not demonstrated *Strickland* prejudice. *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. We agree. The evidence of Mr. Wise's guilt, recited above, was strong. In contrast, the concededly irrelevant testimony was brief and paled in significance compared to the balance of the record. When considering the record as a whole, we conclude the reception of this irrelevant evidence does not undermine our confidence in the outcome. *Id.* Mr. Wise has failed to demonstrate prejudice, and his claim of ineffective assistance of counsel must fail.

While Mr. Wise's claim ultimately fails, we note this claim is of the State's creation. The assistant county attorney asked the questions at issue, which were immaterial to the case and which resulted in irrelevant testimony. In doing so, the prosecutor presented Mr. Wise with a gift-wrapped appealable issue. In pursuing this needless line of questioning, the prose-

cutor almost let the air out of an airtight case. In many cases, prosecutors only invite trouble for themselves and the criminal division of the attorney general's office when they seek to needlessly introduce "other crimes" or "bad acts" evidence. This was one such case.

■ *"Conditional Sentence."* Mr. Wise next argues the district court erred in imposing an illegal conditional sentence. He argues a sentence providing for the conversion from consecutive to concurrent terms based on future events is not authorized by statute. A sentence must be authorized by statute. *State v. Manser,* 626 N.W.2d 872, 874 (Iowa Ct.App.2001). If a sentence is not authorized by statute, it is void. *Id.*; *see also State v. Ohnmacht,* 342 N.W.2d 838, 842 (Iowa 1983).

■ We first must address the State's arguments that this issue is not properly before us. Mr. Wise may challenge this sentence on direct appeal even though he did not challenge it in the district court. *State v. Cooley,* 587 N.W.2d 752, 754 (Iowa 1998). In its brief, the State acknowledges this general rule, yet argues the "unusual situation" presented by this case required Mr. Wise to raise his claim of sentencing error in the district court. The State's only authority for this proposition is Iowa Rule of Civil Procedure 1.904(2) and a case construing the rule. The Rules of Civil Procedure have no applicability in criminal cases, unless made applicable by statute. *State v. Iowa District Ct.,* 253 Iowa 903, 905, 114 N.W.2d 317, 318 (1962). Rule 1.904(2) does not apply to this case. Absent some citation to applicable authority, we see no reason to depart from the rule our supreme court announced in *Cooley.*

■ Next, the State argues this issue is somehow not ripe for our review because Mr. Wise appealed before June 1, 2004. We cannot agree. "A case is ripe

for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Iowa District Ct.*, 616 N.W.2d 575, 578 (Iowa 2000). This case presents a present controversy. Either Mr. Wise's sentence was void or it was not. If no statute authorizes the conditional sentence imposed by the district court, the sentence is "a nullity," *see Ohnmacht*, 342 N.W.2d at 842, which may be challenged at any time, *see State v. Garrett*, 516 N.W.2d 892, 894 (Iowa 1994). We reject the State's ripeness argument.

Turning to the merits of this issue, we agree with Mr. Wise. The State cited no statute specifically authorizing or permitting the conditional sentence imposed by district court. There is nothing in the Iowa Code providing for the automatic conversion of consecutive to concurrent sentences (or concurrent to consecutive sentences) based on the occurrence or non-occurrence of future events. The sentence is not authorized by statute. It is void. *Manser*, 626 N.W.2d at 874.

The State's arguments in favor of the sentence imposed are unpersuasive. First, the State argues district courts are permitted to allow defendants to select between two sentencing options. *See Cooley*, 587 N.W.2d at 754–55. The State further argues the facts of this case would justify either consecutive or concurrent sentences. We cannot agree with either argument. In *Cooley*, the district court offered the defendant the choice between two otherwise permissible sentencing options. *Id.* Here, the "choice" offered to Mr. Wise was not authorized by statute. Furthermore, the issue on this appeal is not whether the facts support consecutive sentences or concurrent sentences. The issue is whether

the district court could, in effect, do both. As noted above, this is not permitted.

Of all of the arguments the State advances in support of the sentence imposed, one has some momentary appeal; however, it too fails. In its brief, the State argues the conditional sentence imposed by the district court "amounts to no more than an agreement to reconsider Wise's sentence" if he did not comply with the two conditions imposed on him. Iowa Code section 903.2 (governing reconsideration of sentences in misdemeanor cases) states, in relevant part, a district court "may order the person to be returned to court, at which time the court may review its previous action and reaffirm it or substitute it for any sentence permitted by law." If the sentencing order had been written so the sentences would convert from consecutive to concurrent only upon a court order after a hearing, we might be persuaded by the State's argument. The order before us, however, does not do so. It attempts to provide for the "reconsideration" of Mr. Wise's sentence with no further court action. This is inconsistent with section 903.2. We cannot stretch the plain language of the reconsideration statute to legitimize this sentencing order.

*Conclusion.* We affirm Mr. Wise's conviction. We vacate the sentence and remand for resentencing. All costs are taxed to the State.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**