# IN THE COURT OF APPEALS OF IOWA

No. 13-0465
Filed March 26, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAMIAN DERAE WARE,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt (guilty plea) and James D. Birkenholz (sentencing), District Associate Judges.

Damian Ware appeals from his conviction and sentence for operating a motor vehicle while his license is barred as a habitual offender. **AFFIRMED.**

Jeremy B. A. Feitelson of Feitelson Law, L.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Anastasia Hurn, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

Damian Ware appeals from a judgment and sentence following his plea of guilty to operating a motor vehicle while his license was barred as a habitual offender. He contends his trial counsel was ineffective in permitting him to plead guilty where there is an insufficient factual basis for his guilty plea, in permitting him to waive a verbatim record of the plea and sentencing proceedings, and in failing to file a motion in arrest of judgment. We affirm.

### I. Background Facts and Proceedings.

On September 12, 2012, the State filed a trial information charging Ware with driving while barred as a habitual offender, an aggravated misdemeanor, in violation of Iowa Code sections 321.560 and 321.561 (2011). Accompanying the trial information were detailed minutes of testimony, stating a Johnston police officer would testify he "observed [Ware] operate a motor vehicle in Polk County, Iowa, on August 6, 2012." It further stated the officer could identify Ware and would "testify to these and other matters pertaining to the crime, all of which occurred in Polk County, Iowa." The minutes also stated an Iowa Department of Transportation official would testify as to Ware's driving records, specifically, that his privileges of operating a motor vehicle were barred as a habitual offender on August 5, 2012.

Ware initially waived an attorney and entered a plea of not guilty. At some point, Ware applied for appointment of counsel. Counsel was appointed on February 7, 2013, the day of the status conference in the case.

That same day, Ware signed a preprinted form entitled "petition to plead guilty to driving while barred and order setting sentencing" (agreement). The

agreement was also signed by Ware's counsel. Among other things, the agreement stated: "I am knowingly and intelligently pleading guilty to this charge because I am guilty." It also stated:

> I understand that to challenge this guilty plea based on alleged defects in the plea proceedings I must file a Motion in Arrest of Judgment not later than [forty-five] days after my plea of guilty but no later than [five] days prior to sentencing. I further understand that failure to file the motion precludes my right to assert any challenge to the guilty plea on appeal. I also waive the preparation and use of a pre-sentence investigation report.
> I waive my right to have a verbatim record of these proceedings.

An "X" was marked next to each of these propositions on the agreement. Towards the bottom of the agreement, it stated: "In order to establish a factual basis I ask the court to accept as true the minutes of testimony, the date of offense is [8-6-12[1]] and I admit I did the following," with blank lines provided thereafter. Handwritten in the blank lines was "operate a vehicle while my license was barred as a habitual offender."

The court accepted Ware's written plea, and the matter was set for sentencing. Ware was subsequently fined $625 plus a surcharge and ordered to serve twenty days in jail, with credit given for two days already served. No verbatim record was made at either proceeding.

Ware now appeals, asserting claims of ineffective assistance of counsel. We review his claims de novo. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). However, we first address the State's error preservation concerns.

---

[1] This date was handwritten on the form in the space provided for the date.

## II. Error Preservation.

Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of the conviction. Iowa R. Crim. P. 2.24(3)(a). But this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We therefore proceed to the merits of Ware's ineffective-assistance-of-counsel claims.

## III. Discussion.

We address Ware's assertions on appeal only in so far as they are characterized as claims of ineffective assistance of counsel. Ware contends his trial counsel was ineffective for allowing him to plead guilty to a charge where there is an insufficient factual basis for his guilty plea, in permitting him to waive a verbatim record of the plea and sentencing proceedings, and in failing to file a motion in arrest of judgment.

### A. Factual Basis.

A guilty plea may not be accepted by a court without the court first determining the plea has a factual basis. Iowa R. Crim. P. 2.8(2)(b). If there is no factual basis to support a defendant's guilty plea and the defendant's counsel permits the defendant "to plead guilty and waive his right to file a motion in arrest of judgment" anyway, that counselor renders the defendant ineffective assistance. *See State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010) ("[C]ounsel violates an essential duty," and "[p]rejudice is presumed under these circumstances.").

Consequently, to succeed on the essential duty prong, Ware must demonstrate the record lacks a factual basis to support his guilty plea to driving while barred as a habitual offender. *See id.* at 765. There are only two elements to the offense of driving while barred: (1) that a person was operating a motor vehicle in Iowa and (2) the person's driver's license was barred. *See* Iowa Code § 321.561; *State v. Wise*, 697 N.W.2d 489, 492 (Iowa Ct. App. 2005).

Here, Ware argues because he did not write on the agreement where the incident occurred, and because "the record is devoid of any indication that this crime occurred in Polk County or even in the State of Iowa," the location portion of element one of the crime is not supported by the record. Because the later argument is factually incorrect, we disagree.

"On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). We also note the agreement signed by Ware asked the court to "accept as true the minutes of testimony." Here, the minutes of testimony, as indicated above, explicitly provide that the named officer would testify that Ware operated the vehicle "in Polk County, Iowa" and other related details, "all of which occurred in Polk County, Iowa." There is simply no merit to his claim. Because the minutes clearly provide a factual basis for Ware's plea, his trial counsel was not ineffective for permitting him to plead guilty. Ware's counsel was not ineffective in failing to file a motion in arrest of judgment concerning this issue.

### B. Verbatim Record.

Ware argues his trial counsel was ineffective in permitting him to waive a verbatim record of the guilty plea and sentencing. Ware cites Iowa Rule of Criminal Procedure 2.8(3), which states: "A verbatim record of the proceedings at which the defendant enters a plea shall be made." Beyond this rule, Ware cites no legal authority for the proposition that transcription of the guilty plea and sentencing hearings cannot be waived, nor do we find any.

A defendant who enters a plea of guilty waives certain constitutional rights. *See Kyle v. State*, 364 N.W.2d 558, 561 (Iowa 1985). It would be incongruous for the criminal rules to allow a defendant to waive constitutional rights, as set forth in rule 2.8(2)(b), but not allow a defendant to waive the right by rule to a verbatim record. *See State v. Hinners*, 471 N.W.2d 841, 845 (Iowa 1991) ("We too think that if a defendant can waive such important constitutional rights, the defendant ought to be able to waive a lesser statutory right such as the right of appeal."). Furthermore, the fact rule 2.8(3) does not contain an express authorization for waiver is not an impediment to waiver of the provision. *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) ("The absence of [rule 2.8(2)(b)'s requirement that the court must address the defendant personally] in [rule 2.8(2)(d)] convinces us that defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar that rule 2.24(3)(a) imposes to challenging a guilty plea on appeal.").

Additionally, we note this issue was recently raised in *Finney*, but it was ultimately not addressed by our supreme court because "Finney [made] no claim

[in that] appeal that his plea was involuntary under the Due Process Clause of either the Fourteenth Amendment or article I, section 9 of the Iowa Constitution." 834 N.W.2d at 61. The court explained the distinction between a challenge of a guilty plea based upon voluntariness versus and a claim based upon the lack of a factual basis. *See id.* at 61-62 (and cases cited therein). On a lack-of-factual-basis claim, the entire record may be examined to objectively determine if a factual basis exists. *Id.* at 50, 53, 62. However, whether a defendant's plea is voluntary requires "an examination of [the defendant's] subjective state of mind at the time the trial court accepted the plea." *Id.* at 53, 54, 62.

In this case, Ware waived a verbatim record, and he has not challenged the voluntariness of his plea. Thus, a more detailed review is not required to determine his state of mind at the time he entered in to the plea. *See id.* Because counsel had no duty to object to Ware's waiver of a verbatim record of the proceedings, Ware's trial counsel was not ineffective for permitting him to do so. Ware's counsel was not ineffective in failing to file a motion in arrest of judgment concerning this issue.

### *IV. Conclusion.*

We have carefully considered all of the claims raised. Those not addressed specifically in this decision are either disposed of by our resolution of other claims or are without merit. Because we conclude Ware's trial counsel did not render ineffective assistance, we affirm his conviction and sentence for operating a motor vehicle while his license was barred as a habitual offender.

**AFFIRMED.**