# IN THE COURT OF APPEALS OF IOWA

No. 13-1700
Filed October 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KIMBERLY KAY KRANA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,
Judge.


        A defendant appeals from her conviction for driving while barred asserting
there was insufficient evidence to support the jury verdict.  **AFFIRMED.**


        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant
Attorney General, Michael J. Walton, County Attorney, and Robert C. Bradfield,
Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Kimberly Krana appeals from her conviction following jury trial for driving while barred as a habitual offender, pursuant to Iowa Code sections 321.555(1) and 321.561 (2013). She asserts there was insufficient evidence for the jury to find she was guilty beyond a reasonable doubt because the arresting officer did not see her driving the vehicle.

We review sufficiency of the evidence challenges for correction of errors at law. *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013). We consider all the evidence in the record, viewed in the light most favorable to the State, including all reasonable inferences that may be drawn fairly from the evidence. *Id.* We will uphold a jury verdict if it is supported by substantial evidence. *Id.* Evidence is substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

To obtain a conviction for driving while barred, the State must prove that the defendant was operating a motor vehicle and did so while the defendant's license was barred. *State v. Wise*, 697 N.W.2d 489, 491-92 (Iowa 2005). Krana stipulated that she was barred from driving at the time of the incident.[1]

---

[1] The State contends Krana failed to preserve error on her claim because, although she moved for judgment of acquittal at trial, the motion was general and did not specify the specific element challenged. *See State v. Green*, 592 N.W.2d 24, 29 (Iowa 1999) (holding a general motion for judgment of acquittal that fails to identify the specific elements of the charge that were insufficiently supported by evidence does not preserve error for review). An exception to the general error-preservation rule occurs when "the record indicates the grounds for a motion were obvious and understood by the trial court and counsel." *State v. Williams*, 695 N.W.2d 24, 27 (Iowa 2005).

The arresting officer testified he was in his vehicle on patrol in Davenport when he observed a woman in the back seat of a green Saturn car exchanging obscenities with another woman on the sidewalk. He was familiar with the woman in the back seat and identified her at the time as Kiisha Powell. He later discovered Krana is Powell's mother. He observed three people in the car: Powell alone in the back seat and two people in the front driver and passenger seats. At that time, he could not identify any details about the driver or front-seat passenger. He began following the car and testified he never lost sight of it, except for one to two seconds when he glanced away at an intersection to look for other traffic. The vehicle pulled immediately into a convenience store parking lot. The convenience store parking lot was adjacent to a grocery store. The officer observed a woman he later recognized as Krana exit the driver's door and walk away, leaving the driver's door open. He ordered Krana to stop and go back to the car. Krana returned and got back into the car, not by the open driver's door, but by opening and entering the back door behind the driver's seat. The officer observed Powell seated in the passenger-side back seat, and Margaret Wells in the passenger-side front seat. No one else approached the vehicle or exited it.

---

At the close of the State's case, Krana's counsel stated, "The defense would move for a verdict of acquittal—judgment of acquittal, and we base that on the State's failure to provide a prima facie case. The State has failed to carry its burden in showing the elements of this offense were committed by my client." The offense of driving while barred has only two elements: operating a motor vehicle and being barred at the time. Krana stipulated she was barred. The element to which counsel was referring would have been obvious to all present.

Margaret Wells testified there were four people in the car: Kaine Renkosik driving, Krana behind him in the driver's-side back seat, Powell beside her in the passenger-side back seat, and Wells herself in the passenger-side front seat. She testified that when they pulled into the convenience store parking lot, Renkosik exited and walked away toward the adjacent grocery store to pick up a bag of ice. Krana exited to buy cigarettes from the convenience store, leaving the driver's-side back seat door open. When she got to the convenience store's door, she realized it was closed, walked back to the car, and got back into the driver's-side back seat. Wells testified this is when the police officer pulled into the parking lot and asked Krana to get out of the vehicle. Wells testified that although she knew Krana was being arrested for driving, she did not tell the officer Krana had not been driving.

Powell testified consistent with Wells. Renkosick also testified he was driving. As he was exiting the grocery store, however, he observed the police officer at the vehicle, turned around, and walked away. He testified he "didn't know what was going on and [he] didn't want to get involved with the police." He stated he was not able to get the ice because the grocery store did not have any.

"It is for the jury to judge the credibility of the witnesses and weigh the evidence." *State v. Laffey*, 600 N.W.2d 57, 59 (Iowa 1999). The officer testified he did not lose sight of the vehicle for a length of time sufficient for Renkosick to leave the driver's side seat unobserved, or for Krana to leave the driver-side back seat, enter the driver's seat, and then exit it as the officer approached. The officer also said he did not observe Renkosick or any other person approach or

leave the vehicle.  This is consistent with the officer's observation that there were only three people in the vehicle.  Viewed in the light most favorable to the State, if the jury found the testimony of the arresting officer more credible than the other witnesses, the evidence would have been sufficient to convince the jury that Krana exited the driver's seat of the vehicle shortly after the officer observed the vehicle come to a stop after being in motion on a roadway.  Thus, there was sufficient evidence she operated the motor vehicle while barred, and consequently that she was guilty beyond a reasonable doubt.  Therefore, the verdict is supported by substantial evidence, and we affirm the conviction.

**AFFIRMED.**