# IN THE COURT OF APPEALS OF IOWA

No. 17-0903
Filed April 4, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TROY STEVEN UTECH,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Woodbury County, John C. Nelson,

District Associate Judge.


A defendant appeals his conviction and sentence for harassment in the

second degree. **CONVICTION AFFIRMED, SENTENCE VACATED, AND**

**REMANDED FOR RESENTENCING.**


Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Infuriated by a student throwing litter out a school-bus window, Troy Utech knocked on the bus door and convinced the bus driver to let him board. Once inside, Utech approached a boy seated in the back and threatened to squash his head "like a grapefruit." The State charged Utech with harassment in the second degree, and he pleaded guilty. The district court sentenced him to jail time, gave him the option of electronic monitoring instead, and ordered him to complete an anger management course. On appeal, Utech challenges the performance of his plea counsel and contends the sentencing order was illegal.

Because Utech's complaints about his counsel cannot be resolved on this record, we preserve them for postconviction-relief proceedings. As for the legality of his sentence, because the district court had authority to grant in-home detention under Iowa Code section 356.26 (2016), we uphold the electronic monitoring provision. But because the district court did not place Utech on probation, we find no statutory authority for ordering him to complete coursework in anger management. Accordingly, we vacate the sentence and remand for resentencing.

## I. Facts and Prior Proceedings

In October 2016, a Sioux City school bus driver, en route to East High, was stopped in traffic when Utech pounded on the door. The driver thought Utech was a parent trying to "get his child off the bus" and opened the door to let him in. Utech "walked up the stairs and began yelling and cussing" about someone throwing things out the window of the bus. Utech apparently was angry because one of the students had thrown "a baked good" out the window and hit his truck. Utech confronted some boys sitting in the back of the bus, singling out C.H. in his tirade.

C.H. recalled Utech calling him a "punk" and threatening to hurt him. The driver was "very afraid" of what Utech would do and tried to calm him down.

In November 2016, the Woodbury County Attorney filed a trial information alleging Utech committed harassment in the second degree by threatening to commit bodily injury against C.H., a serious misdemeanor in violation of Iowa Code section 708.7(3). Utech initially entered a plea of not guilty. The district court set a final pretrial conference in the matter for May 10, 2017. Defense counsel appeared for the conference, but Utech did not. The district court denied the defense's request for a delay and issued a bench warrant for Utech, setting a cash-only bond in the amount of $3000. The court also scheduled a bond forfeiture hearing for May 31, 2017.

On May 11, Utech sent a handwritten letter to the court alleging his defense counsel was "incompetent" and had not informed him of the pretrial conference date. Utech also floated the following idea: "I am requesting a change of my plea if the State will accept I surrender of five days of house arrest and if you would reconsider a rescind of the warrant on my behalf." In addition, Utech shared with the court details about personal financial strains he was under.

Later the same morning, in response to Utech's self-represented filing, the district court issued the following order:

> The court has received a letter from the Defendant. The clerk shall immediately send copies of the same to the attorneys of record. They shall each respond accordingly. The court is not going to change anything else at this time.
>     If the parties do reach a plea agreement, the court will cancel the bond forfeiture hearing and recall the bench warrant upon the filing of a plea of guilty herein. Sentencing can be done at the same time or later.

On the afternoon of May 11, Utech filed a written plea of guilty. The plea form stated that the maximum sentence for a serious misdemeanor[1] was "imprisonment not to exceed one year and a fine of not more than $1825.00 plus surcharge. The minimum fine is $315.00 plus surcharge." The form also indicated Utech understood the consequences of waiving the right to file a motion in arrest of judgment to contest any defects in the guilty plea. At the same time, defense counsel filed a motion to recall the warrant and to set a sentencing date. Yet that day, the court issued an order recalling the bench warrant, cancelling the bond forfeiture hearing, and scheduling a sentencing hearing for May 24.

On May 24, the court issued a "sentencing order" accepting Utech's guilty plea as "voluntarily and intelligently made." The order also committed Utech "to the Woodbury County Jail for a period of 20 days. Of this sentence, 0 days are suspended. In lieu of the jail sentence imposed in this Sentencing Order the Defendant may serve 7 days on electronic monitoring." The order explained Utech was required to contact the jail to qualify for the electronic monitoring. Utech was fined $315, plus the thirty-five percent surcharge. The court also ordered him to "attend and complete the Anger Management Course through the Third Judicial Department of Corrections."

On June 5, Utech filed a notice of appeal, which was electronically filed stamped at 9:40 a.m.[2] At 10:15 a.m., the court filed an "amended sentencing

---

[1] The form mistakenly referred to "aggravated" misdemeanors at one point, but Utech is not raising that discrepancy as an issue on appeal.

[2] "Electronic file stamps have the same force and effect for electronic submissions as nonelectronic file stamps for nonelectronic submissions." Iowa R. Elec. P. 16.307.

order" asserting the defense submitted a proposed sentencing order on May 24 and "this order should have read as follows: 'The Defendant is committed to the Woodbury County Jail for a period of 10 days. Of this sentence, 0 days are suspended. In lieu of the jail sentence imposed in this Sentencing Order, the Defendant may serve 20 days on electronic monitoring.'"

Utech attacks both the original sentencing order and the amended order in his appellate briefing. But the notice of appeal divested the district court of jurisdiction to amend the sentencing order. *See Jones v. Jones*, 121 N.W.2d 668, 672 (Iowa 1963) (holding "sole jurisdiction of the matter was placed in the [s]upreme [c]ourt" by notice of appeal, and any district court proceedings held "thereafter were null and void"). Accordingly, we consider only the original sentencing order on appeal.

## II.     Legal Analysis

### A.     Ineffective Assistance of Plea Counsel

Failure to file a motion in arrest of judgment normally prevents a defendant from contesting his guilty plea on appeal. Iowa R. Crim. P. 2.8(2)(d). But Utech may proceed with his claims by alleging ineffective assistance of counsel. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We review such claims de novo. *Id.* Utech must prove his attorney failed to perform competently and prejudice resulted. *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). The "prejudice" requirement focuses on whether counsel's constitutionally inadequate performance affected the outcome of the plea process. *Id.* In other words, Utech must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* "In only rare

cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

Utech claims his attorney failed to provide him with necessary information about his case. Specifically, he contends counsel failed to inform him of the status of the pending prosecution, including the date of the pretrial conference, and failed to ensure Utech understood the amount of the surcharges he would owe on top of the serious-misdemeanor fine. Utech also alleges counsel was remiss in allowing the district court to "impermissibly pressure" him into entering a guilty plea. Utech characterized the court's response to his May 11 letter as either a "promise" to recall the bench warrant or an "implicit threat" to leave it in place, premised on Utech's decision whether to reach a plea bargain.

On the surcharge issue, the written plea form advised Utech that the maximum and minimum fines would be "plus surcharge" without indicating the percentage increase. Our supreme court held "wholesale omission" of information regarding surcharges did not substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b), but left open the question whether informing a defendant of the existence of a surcharge "without specifying the amount" would satisfy the rule. *State v. Weitzel*, 905 N.W.2d 397, 408 n.6 (Iowa 2017). This case is not a good vehicle for answering that question because we do not know what additional information counsel supplied his client or how knowing the exact amount of the surcharges would have impacted Utech's decision to plead guilty. So we preserve this claim for a postconviction-relief action where the facts may be more fully developed. *See State v. McNeal*, 867 N.W.2d 91, 105–06 (Iowa 2015).

We likewise decline to resolve Utech's allegations about counsel's performance in regard to the court's issuance of the bench warrant for Utech's failure to appear at the final pretrial conference and the court's later offer to recall the warrant if a plea agreement was reached. Those allegations are best raised in a postconviction-relief petition. *See Straw*, 709 N.W.2d at 138.

## B.     Legality of Sentencing Order

Utech argues his sentence was illegal because the district court approved electronic monitoring and ordered anger management without placing him on probation. The State defends the sentencing order—acknowledging the district court did not use the word "probation" yet insisting the court's design of "conditional incarceration" fits the statutory definition of probation. State law defines "probation" as "the procedure under which a defendant, against whom a judgment of conviction of a public offense has been or may be entered, is released by the court subject to supervision by a resident of this state or by the judicial district department of correctional services." Iowa Code § 907.1(5).

Contrary to the State's argument, the sentencing order did not release Utech subject to supervision.[3] If the district court had intended to place Utech on probation, it should have followed Iowa Code section 365.47, which provides:

> A judge who sentences a person to the county jail or other detention facility pursuant to this chapter, may suspend any part of such sentence and place such person on probation, upon such terms and conditions as the sentencing judge may direct, after such person has served that part of the person's sentence which was not

---

[3] The State is mistaken in suggesting this case is "nearly identical" to *State v. Jones*, No. 12-1903, 2013 WL 6405466, at *2 (Iowa Ct. App. Dec. 5, 2013), where our court found "bench probation" was valid. In *Jones*, the district court sentenced the defendant to one year in jail and suspended all but ten days, placing him on "good behavior probation," as indicated in the court's judgment entry. *Jones*, No. 12-1903, 2013 WL 6405466, at *2.

suspended.

Here, the district court sentenced Utech to twenty days in jail with zero days suspended. Because the court did not suspend any part of Utech's jail sentence, the court could not direct any terms or conditions to be satisfied *after* Utech served the part of his sentence that was not suspended. Without a suspended sentence, the district court could not direct Utech to complete an anger management course—though such a course would have been appropriate given Utech's angry outburst on the school bus.[4]

We turn next to the option presented in the sentencing order for Utech to arrange for electronic monitoring by Woodbury County officials as an alternative to serving time in jail. We find this alternative was authorized by Iowa Code section 356.26(3) ("The district court may also grant by order to any person held in a county jail the privilege of in-home detention if the county sheriff has certified to the court that the jail has an in-home detention program."). The Woodbury County Sheriff's Office offers an in-house detention program using satellite tracking. *See Electronic Monitoring*, Woodbury County Iowa,

---

[4] The district court has broad authority under Iowa Code section 907.6 to establish conditions of probation. *State v. Valin*, 724 N.W.2d 440, 446 (Iowa 2006). A condition of probation is reasonable if it "promotes the rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant . . . or some threat posed to the community by the defendant." *Id.* On appeal, Utech conflates anger management with batterers' treatment programs mandated under Iowa Code sections 708.2A(10) and 708.2B. The discussion of batterers' education programs in *State v. Manser*, 626 N.W.2d 872, 875 (Iowa Ct. App. 2001), has no bearing here. "Widespread program application suggests that anger management is a useful social skill that can be learned and applied by people facing stress in all walks of life, including persons under supervision in the criminal justice system." Pamela Hollenhorst, *What Do We Know About Anger Management Programs in Corrections?* 62 Fed. Probation 52, 61 (1998).

https://www.woodburycountyiowa.gov/electronic-monitoring (last visited Mar. 21, 2018). The district court was not required to place Utech on probation before offering him the opportunity to sign up for that program.

As a remedy, Utech asks us to vacate his sentence and remand for resentencing. Because the district court had no authority to order completion of an anger management course without placing Utech on probation, that sentencing term was outside the statutory limits, and the sentence is void. We therefore vacate the entire sentence and remand for resentencing. *See Manser*, 626 N.W.2d at 875.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**