# IN THE COURT OF APPEALS OF IOWA

No. 17-1828
Filed September 12, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DEREK E. UELIGGER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Adair County, Martha L. Mertz (plea) and Terry R. Rickers (sentencing), Judges.

　　　　Derek Ueligger appeals his sentences for vehicular homicide. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Derek E. Ueligger appeals his sentences for two counts of vehicular homicide. On appeal, Ueligger contends his trial counsel was constitutionally ineffective for failing to object to the inclusion of three of the victim impact statements submitted. We affirm.

**I.      Background Facts and Proceedings**

On November 2, 2016, Ueligger operated a vehicle while under the influence of multiple controlled substances. Ueligger's vehicle crossed the center line on a highway and struck a vehicle carrying four women. Two women, Dawn Christensen and Norma Caltrader, died as a result of the accident. The other two women, Marilyn Ehrsam and Betty Schultz, were seriously injured.

On February 14, 2017, the State charged Ueligger with two counts of vehicular homicide and two counts of serious injury by motor vehicle, in violation of Iowa Code sections 707.6A and 321J.2(1) (2016).

In July, Ueligger and the State entered into a plea agreement where Ueligger would plead guilty to the two vehicular homicide counts and the State would dismiss the serious injury by motor vehicle charges. The parties did not reach an agreement as to sentencing, leaving them free to argue for concurrent or consecutive sentences. On August 21, Ueligger pled guilty to the two vehicular homicide charges as agreed and admitted to driving under the influence of four different types of controlled substances.

The sentencing hearing was held October 19. Twelve victim impact statements, both oral and written, were provided to the sentencing court. Two of

these statements were from Ehrsam and Schultz. A third statement came from Helen Nevins, the cousin of one of the deceased victims. The court sentenced Ueligger to two consecutive twenty-five-year terms of imprisonment and to pay restitution to all individuals involved. The remaining two counts were ordered to be dismissed if the pleas were not appealed. Ueligger appeals his sentence only.

## II. Standard of Review

Ueligger claims he was provided ineffective assistance of counsel at his sentencing. Claims of ineffective assistance are generally preserved for postconviction relief, but we will consider them on direct appeal if the record is adequate. *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). Because ineffective-assistance-of-counsel claims implicate constitutional rights, we review the claims de novo. *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).

## III. Analysis

The constitutional right to counsel extends to sentencing. *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007). "Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016). Prejudice exists where there is a reasonable probability the outcome of the proceeding would have been different without counsel's deficient conduct. *Dempsey v. State*, 860 N.W.2d 860, 868–69 (Iowa 2015).

**A. Failure of an essential duty**

Ueligger claims his trial counsel rendered ineffective assistance in failing to object to three of the victim impact statements considered by the court—those of Ehrsam, Schultz, and Nevins. Iowa Code section 915.10 defines who may provide a victim impact statement under section 915.21.

> "*Victim*" means a person who has suffered physical, emotional, or financial harm as the result of a public offense or a delinquent act, other than a simple misdemeanor, committed in this state. "Victim" also includes the immediate family members of a victim who died or was rendered incompetent as a result of the offense or who was under eighteen years of age at the time of the offense.

Iowa Code § 915.10(3).

The court has limited "immediate family members" of a victim to only the spouse and those within the second degree of consanguinity or affinity (i.e. parents, grandparents, siblings, children, and grandchildren). *Lopez*, 872 N.W.2d at 175; *State v. Sumpter*, 438 N.W.2d 6, 8 (Iowa 1989) (expressly adopting the definition of "immediate family" as within the second degree of consanguinity or affinity). Under our law, as a cousin, Nevins does not count as an immediate family member of a victim who died, and so she does not have a statutory right to present a victim impact statement under section 915.21. Counsel erred in failing to object to the consideration of the victim impact statement submitted by Nevins.

A sentencing court may consider an unproven or unprosecuted offense during sentencing if the facts before the court show the accused committed the offense or the defendant admits it. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). In the plea colloquy, Ueligger described his offense:

> THE DEFENDANT: I got behind the wheel of a car and was under the influence of drugs. As I was driving down the highway, I crossed the centerline and had a car accident with an oncoming vehicle that resulted in the death of two women and the injury of two others.

Similarly, during his sentencing hearing, Ueligger acknowledged the pain he caused all four families and all four women. As part of his plea agreement, Ueligger agreed to pay victim restitution[1] to Ehrsam and Schultz for their injuries, despite the dismissal of the counts specific to them. In other words, Ueligger admitted the serious injury offenses. Moreover, Ehrsam and Schultz suffered their physical, emotional, and financial harm as a part of the same course of conduct from which the vehicular homicide charges arose. *See State v. Manser*, 626 N.W.2d 872, 874 (Iowa Ct. App. 2001) (noting a sentencing court may look to facts and circumstances surrounding the crime). Ehrsam and Schultz fall within the statutory definition of "victim" under section 915.10, and counsel was not ineffective for failing to object to the court's receipt of their statements.

## B. Prejudice

To establish prejudice and prevail on his claim of ineffective assistance, Ueligger must show the outcome of the sentencing proceeding would have been different. *State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011). Sentencing decisions are granted a strong presumption in the court's favor. *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "[W]e trust that our district courts, when weighing [victim impact] statements as part of the sentencing determination, will

---

[1] For purposes of victim restitution, "'*Victim*' means a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(5).

filter out improper or irrelevant evidence." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998).

For Nevins's statement, Ueligger claims it included a prejudicial harsh sentencing recommendation. Nevins urged consecutive confinement and expressed the opinion Ueligger should never get out. Multiple family members of the deceased women expressed similar opinions on the length of time Ueligger should be in prison and requested he be given the maximum sentence. The statement did not include the prejudicial type of information not otherwise available to the judge. *See Sumpter*, 438 N.W.2d at 9. Although the statement expressed hostility, it can naturally be assumed that family members would be bitter toward a defendant in such a case. *See id.*

Reviewing the transcript and sentencing order, there is no indication Nevins's victim impact statement affected the outcome of the proceeding. *See id.* (holding an assertion the inadmissible statements could have affected the court's judgment was insufficient to find error and the statements told the judge little, if anything, that was not already apparent). Without clear evidence to the contrary, we assume the district court will filter out improper or irrelevant evidence in its sentencing determination. *Sailer*, 587 N.W.2d at 764. The sentencing court mentioned devastation to all the families involved as described by one of the daughter's statements. The court also discussed Ueligger's intelligence and serious substance-abuse problem leading to inevitable tragedy and disaster. The court did not mention Nevins's statement, nor did she provide her statement in court. The court imposed consecutive sentences because of the devastation and

reckless irresponsibility demonstrated by Ueligger in driving while impaired. Ueligger has failed to show the sentencing proceeding would have had a different outcome if counsel had objected to the inclusion of Nevins's victim impact statement.  Ueligger failed to demonstrate he was prejudiced by the court's receipt of Nevins's statement.  We affirm Ueligger's sentences.

**AFFIRMED.**