STATE of Iowa, Plaintiff–Appellee

v.

Raymond Wayne Eugene HALL,
Defendant–Appellant.

No. 07–0354.

Court of Appeals of Iowa.

Sept. 6, 2007.

Mark C. Smith, State Appellate Defender, and David Adams, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeffrey Noble, Assistant County Attorney, for appellee.

Considered by HUITINK, P.J., and VOGEL and BAKER, JJ.

BAKER, J.

Raymond Hall appeals the portion of his sentence for sexual exploitation of a minor that imposes a no-contact order. We reverse the portion of the sentence containing the imposition of a no-contact order under Iowa Code chapter 664A (Supp. 2005). We remand to the district court for entry of the restrictions on communication and contact with minors as conditions of probation and for clarification of the restriction on communication with minors.

## I. Background and Facts

On May 27, 2006, Hall brought his computer to the Geek Squad at Best Buy for assistance in recovering files from the computer. While working on the computer, employees discovered files that contained child pornography. The employees contacted the West Des Moines Police Department.

Hall admitted that he had images on his computer of children engaging in prohibited sexual activity and that he possessed these images for his sexual gratification. He was charged with five counts of exploitation of a minor in violation of Iowa Code section 728.12(3) (2005).[1] On November 22, 2006, he pled guilty to one count of sexual exploitation of a minor. The State dismissed the other four counts. The district court accepted Hall's guilty plea and placed him on probation for two years. As part of its sentencing order, the court entered a no-contact order under Iowa Code section 901.5(7A) (2005), which was repealed by 2006 Iowa Acts chapter 1101, section 16, but essentially recodified in Iowa Code chapter 664A pursuant to 2006 Iowa Acts chapter 1101, sections 5–12. The no-contact order read in pertinent part:

1. Defendant shall not communicate or attempt to communicate with the protected party [2] in person, in writing, by telephone, voice or electronic messaging systems or through any means including third persons. . . .

2. Defendant shall not be in the immediate vicinity of locations where children are normally found: schools, libraries, playgrounds, YMCA, YWCA, etc. Defendant shall stay away from such places and shall have no contact with minors [with the] exception [of] incidental contact in public places where other responsible adults are present. Defen-

---

1. This case predates *State v. Muhlenbruch*, 728 N.W.2d 212, 216 (Iowa 2007), which holds that a defendant who possesses a computer containing multiple images of minors can only be charged with one count of sexual exploitation of minors.

2. The no-contact order identifies the protected party as any child under eighteen years of age, with the exception of Hall's biological nephew.

dant may also have supervised contact with his own biological nephew.

(Footnote added.)

## II. Standard of Review

Hall appeals the portion of his sentence that imposes a no-contact order, asserting the order is not authorized by statute, is constitutionally overbroad, and is unreasonable. When a defendant challenges his sentence on appeal, "[d]epending upon the nature of the challenge, the standard of review is for the correction of errors at law or for an abuse of discretion." *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). Challenges to the legality of a sentence are reviewed for correction of errors at law. *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005). Challenges to the sentence as unreasonable are reviewed for an abuse of discretion. *State v. Evans*, 671 N.W.2d 720, 727 (Iowa 2003). To the extent Hall presents constitutional issues, our review is de novo. *State v. Mitchell*, 670 N.W.2d 416, 418 (Iowa 2003).

## III. Merits

The State asserts that Hall failed to preserve error. It first argues that, if Hall's no-contact order was negotiated as part of his plea agreement, error was not preserved. *See State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1968) (noting the general rule that a defendant may not allege error on an issue to which he acquiesced, or was committed or invited by him). At the plea hearing, there was a lengthy discussion between the court and the parties regarding the meaning of the provisions of the no-contact order. We find the order had not been fully negotiated as part of the plea agreement.

The State also argues that Hall failed to preserve error because he did not object to the order or claim it was unconstitutionally overbroad at the sentencing hearing. As a general rule, "[i]ssues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997). "The rule, however, is not ordinarily applicable to void, illegal or procedurally defective sentences." *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct.App.1994); *see also State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998) ("It strikes us as exceedingly unfair to urge that a defendant, on the threshold of being sentenced, must question the court's exercise of discretion or forever waive the right to assign the error on appeal."). Because Hall claims the no-contact order was not authorized by statute, his failure to raise the issue of sentencing error at the time of sentencing does not constitute a waiver of his right to raise the issue on appeal.

### A. Statutory Authority

Hall contends the district court erred in imposing a no-contact order pursuant to Iowa Code section 901.5(7A) as part of his sentence because the order was not authorized by statute. He argues the court was not authorized to enter the no-contact order under Iowa Code section 901.5(7A)(a)-(b), because that subsection was repealed in 2006. He also argues the order was not authorized under section 664A.2, which authorizes no contact orders in connection with various crimes, because 664A.2 does not list section 728.12(3) as a triggering code section. Consequently, Hall argues, the only language which could have authorized the issuing of the no-contact order is section 664A.2's "any other offense for which there is a victim." Hall further argues that, because there was no "victim," defined in section 664A.1(3) as "a person who has suffered physical, emotional, or financial harm as a result of a public

offense," section 664A.2 does not authorize the order.

The State contends that the no-contact order is authorized under section 907.6, which allows the sentencing court to define probation conditions.[3] Pursuant to section 907.6, probations are subject to any "reasonable conditions which the court ... may impose to promote rehabilitation of the defendant or protection of the community."

We agree with the State that the district court was authorized under section 907.6 to define *reasonable probation conditions*. Section 907.6 does not, however, authorize creation of a condition of probation that could result in criminal prosecution under section 664A. Section 664A.2 does not list section 728.12(3) as a triggering offense, and there was no "victim" as defined in section 664A.1(3). Therefore, the no-contact order was not authorized pursuant to section 664A.2 or section 907.6. We remand to the district court for entry of the restrictions on contact and communication with minors as conditions of probation without the imposition of a no-contact order under chapter 664A.

## B. Reasonableness and Breadth

Hall also contends the no-contact order, which prevents him from having contact with any child, is "overbroad because it impacts his freedom of speech, his right to associate with others, and his right to travel" and is an "unreasonable and arbitrary condition of probation." He asserts that the order would prevent him from going to public places where children are present, and that there are numerous "situations where one is forced to communicate with a child under the age of eighteen, whether it be the paper boy, the clerk at the grocery store, or the ticket seller at the movie theater."

■■■ "The legislature has given the courts broad, but not unlimited, authority in establishing the conditions of probation." *State v. Jorgensen*, 588 N.W.2d 686, 687 (Iowa 1998). "[C]onditions of probation cannot be unreasonable or arbitrary." *State v. Rogers*, 251 N.W.2d 239, 243 (Iowa 1977). We carefully scrutinize probation conditions that restrict fundamental rights. *See State v. Franklin*, 604 N.W.2d 79, 82 (Minn.2000) (noting that, while probationers may be subject to restrictions of their constitutional rights, a district court's discretion in establishing probation conditions is carefully scrutinized when a condition restricts fundamental rights).

A condition of probation promotes the rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant, or some threat posed to the community by the defendant. A condition is reasonable when it relates to the defendant's circumstances in a reasonable manner and is justified by the defendant's circumstances. Thus, the inquiry into the reasonableness of a condition of probation boils down to whether the statutory goals of probation are reasonably addressed. As a result, whether a condition meets the statutory goals of probation and whether it is reasonable are questions that are best addressed together.

*Valin*, 724 N.W.2d at 446–47 (citing 21A Am.Jur.2d *Criminal Law* § 907, at 171–73 (1998) ("[C]onditions that are found to be vindictive, vague or overbroad, or unreasonable, [or] which ... require or forbid conduct which is not reasonably related to

---

3. Even though the no-contact order references section 901.5(7A), "the court's authority under [section 907.6] is not lost when the court fails to cite the provision in pronouncing sentence." *State v. Steuk*, 368 N.W.2d 171, 172 (Iowa 1985).

future criminality, . . . are invalid."")) (other citations omitted).

■ In child pornography cases, probation conditions which reasonably limit contact and communication with minors have been uniformly found to be valid in state and federal courts. *See, e.g., United States v. Kerr*, 472 F.3d 517, 521–23 (8th Cir.2006) (holding conditions limiting contact with minors were not unreasonably restrictive where defendant was convicted of child pornography offenses); *United States v. Paul*, 274 F.3d 155, 167 (5th Cir.2001) (upholding restriction on child pornographer's direct and indirect contact with minors as "reasonably necessary in light of the nature and circumstances of [ ] offense and the legitimate need to prevent recidivism and protect the public"); *United States v. Loy*, 237 F.3d 251, 269 (3rd Cir.2001) (upholding condition of supervised release that prohibited defendant convicted of receiving and possessing child pornography from having unsupervised contact with minors); *Ellis v. State*, 221 Ga.App. 103, 470 S.E.2d 495, 496 (1996) (finding it reasonable for court to regulate defendant contact with children where defendant had been convicted of child molestation). We conclude that probation conditions which limit Hall's contact and communication with minors are reasonable in light of his conviction.

We disagree with Hall's assertion that the restriction on contact with minors would prevent him from going to public places where children are present because the restriction contains an exception for "incidental contact in public places where other responsible adults are present." We find the prohibition against being "in the immediate vicinity of locations where children are normally found," with an exception for incidental contact, is neither an overbroad nor unreasonable condition of Hall's probation.

We are concerned, however, with the restriction on communicating or attempting to communicate with any child under eighteen years of age. That section does not include an exception for incidental communication, such as with a minor grocery store clerk, movie ticket taker, or fast-food clerk. These examples illustrate the day-to-day impossibility Hall would encounter in attempting to comply with this restriction as written. A total ban on all communication with all minors without an exception for incidental communication where other responsible adults are present would, in effect, require Hall to become a hermit.

■ Courts may not impose probation conditions that involve "a greater deprivation of liberty than is reasonably necessary" and that is not reasonably related to the rehabilitation of the defendant or protection of the community. *United States v. Voelker*, 489 F.3d 139, 144 (3rd Cir. 2007); *accord Jorgensen*, 588 N.W.2d at 687 (citing Iowa Code § 907.6; *State v. Akers*, 435 N.W.2d 332, 335 (Iowa 1989)). For example, the third circuit found it "hard to imagine how [defendant] could function in modern society given [a] lifetime ban on all forms of computer access" and struck down the ban because it "'sweeps more broadly and imposes a greater deprivation on [defendant's] liberty than is necessary.'" *Voelker*, 489 F.3d at 148, 150 (quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir.2003)); *see also Sturgeon v. State*, 582 So.2d 746, 747 (Fla.Dist.Ct.App.1991) (amending condition of probation restricting contact with person under age twenty-one because it was unduly restrictive on contact with adults); *Ellis*, 470 S.E.2d at 496 (finding a condition restricting defendant from "spending time at locations where children are present or likely to be present could be literally applied to prohibit [defendant]

from shopping at virtually any store"); *Beckner v. State*, 296 S.C. 365, 373 S.E.2d 469 (1988) (holding a condition that defendant not be in any place that serves alcohol unreasonable because it has the practical effect of prohibiting entry to virtually every store and restaurant in the state). Like a lifetime ban on computer access, it is hard to imagine how one could function in modern society without communicating with any minors. We conclude that banning Hall from all communication with minors would be unreasonably restrictive.

While we do not believe the district court would abuse its discretion in imposing a condition of probation which restricts Hall's communication with minors, "we find the condition as written ambiguous and, depending on its meaning, excessively broad." *United States v. Peterson*, 248 F.3d 79, 86 (2d Cir.2001). *Contra Loy*, 237 F.3d at 269 ("[I]t is well established that associational conditions do not extend to casual or chance meetings.") It is unclear whether the prohibition applies to only non-incidental communication or whether it would bar Hall from saying "thank you" to a minor clerk in a grocery store or asking for a cheeseburger and fries at a fast-food restaurant. In view of Hall's conviction, the court has justification to impose a condition of probation that restricts him from engaging in most communication with minors. There is, however, no justification for forbidding him from incidental communication with minors. We remand for clarification of the restriction on communication with minors.

This remand should not be construed to mean that exact precision in conditions of probation is required.

[T]hough a probationer is entitled to notice of what behavior will result in a violation, so that he may guide his actions accordingly, fair warning is not to be confused with the fullest, or most pertinacious, warning imaginable. Conditions of probation do not have to be cast in letters six feet high, or to describe every possible permutation, or to spell out every last, self-evident detail. Conditions of probation may afford fair warning even if they are not precise to the point of pedantry. In short, conditions of probation can be written-and must be read-in a commonsense way.

*United States v. Gallo*, 20 F.3d 7, 12 (1st Cir.1994) (citations omitted).

### C. Conclusion

We reverse only the portion of the sentence contained in the no-contact order. Because the no-contact order was not authorized by statute, we remand to the district court for entry of the restrictions on communication and contact with minors as conditions of probation without the imposition of a no-contact order under Iowa Code chapter 664A. We also remand for clarification of the restriction on communication with minors to allow an exception for incidental communication with minors where other responsible adults are present. We affirm the rest of Hall's sentence.

**REVERSED IN PART AND REMANDED WITH DIRECTIONS.**