# IN THE COURT OF APPEALS OF IOWA

No. 13-1268
Filed June 11, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JAKE CHRISTIAN SMITH,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Marion County, Randy V. Hefner,

Judge.


     A defendant appeals challenging his sentence.  **CONVICTION**

**AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**


     Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant

Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney

General, and Ed Bull, County Attorney, for appellee.


     Considered by Vogel, P.J., Mullins, J., and Sackett, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MULLINS, J.**

Jake Smith appeals his sentence for charges of sexual exploitation of a minor and sexual abuse in the third degree. He contends that the court abused its discretion by "fail[ing] to consider the minimum sentencing factors," exceeded its authority when it imposed a five-year no-contact order, and did not give proper consideration to his ability to reimburse the State when it ordered him to pay restitution for attorney fees. We affirm the prison sentence, vacate the no-contact order, remand for entry of a corrected no-contact order, and decline to consider the restitution order.

## I. BACKGROUND FACTS AND PROCEEDINGS

In May 2013 Smith pled guilty to sexual exploitation of a minor and sexual abuse in the third degree. Both of these charges arose from an incident where Smith and his friends secretly videotaped the victim performing oral sex on Smith. The video was subsequently spread to various persons including Smith's ex-girlfriend, who assaulted the victim in response to the video. Smith was nineteen years of age, and the victim was fifteen. At sentencing Smith argued for a deferred judgment, citing his lack of a serious criminal record, his youth, the relationship difficulties he was having with his mother, and his remorsefulness as reasons why his sentence should be mitigated. In sentencing Smith, the court relied upon the presentence investigation (PSI) report without objection from either of the parties. The court noted that at the time of the incident Smith was unemployed, had quit high school, and was "adrift" with "no focus in [his] life whatsoever." The court also acknowledged Smith's drug use, his mental health,

the PSI author's determination that he was a "moderate to high risk to re-offend," as well as the author's recommendation that he receive sex offender treatment during his incarceration.

The court then sentenced Smith to two concurrent ten-year terms of imprisonment. The court also entered a no-contact order prohibiting Smith from having any contact with the victim and juveniles under the age of eighteen for a period of five years. Finally, Smith was ordered to pay restitution costs for his court-appointed attorney, either in the amount certified by the Iowa public defender's office or $500, whichever was less. Smith filed a timely notice of appeal, challenging his sentence.

## II. SCOPE AND STANDARDS OF REVIEW

We review sentencing appeals for correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 443-44 (Iowa 2006). If a sentence falls within the statutory limits, it will be set aside only for an abuse of discretion. *Id.* at 444. "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). To the extent Smith raises constitutional issues in contesting the no-contact order, our review there is de novo. *State v. Kreps*, 650 N.W.2d 636, 640 (Iowa 2002).

## III. ANALYSIS

Smith contends the court abused its discretion when it sentenced him to two concurrent ten-year prison terms. He argues the court inappropriately relied on his "lack of focus in life" while ignoring "many other factors . . . which show

[he] could be successful with some guidance and assistance." Among the factors the court ignored, Smith argues, is the lack of treatment he received following his discharge from a psychiatric medical institute, as well as domestic difficulties he faced at home. Smith also asserts that the nature of the offense does not warrant his sentence. He argues at the time of the offense the victim was only seventy-four days from being of legal age to engage in consensual sexual activity with him, he did not personally spread the videotape of his sexual encounter with the victim, and the victim was not "especially traumatized by [him], but by other's reaction to the video." Smith contends these are all factors that "[weigh] against imprisonment." Finally, Smith questions the accuracy of the conclusions made in his PSI report.

The district court is required to choose the sentencing options which, in its discretion, provide the best opportunity for rehabilitation of the defendant and the protection of the community. Iowa Code § 901.5 (2013). To this end, the court is to consider "all pertinent matters . . . including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). In exercising its discretion, a court must state its reasons for imposing a particular sentence, but is "generally not required to give its reasons for rejecting particular sentencing options." *Thomas*, 547 N.W.2d at 225. As such, "[s]entencing decisions of the district court are cloaked with a strong presumption in their favor." *Id.*

Here, we find the court did not abuse its discretion and sufficiently stated its reasons for choosing the sentence:

> In considering an appropriate sentence I will consider your age, your prior record, your employment circumstances, your family circumstances, the nature of the offense.
>
> The goals of sentencing are to protect the community from further offenses by you and to provide you with maximum opportunity for rehabilitation.
>
> In reviewing the PSI report a number of facts seem to me to be the most relevant to sentencing. When this occurred you were adrift. There was no focus in your life whatsoever. The PSI author indicated that you quit high school because you didn't like it. The activities which you were engaging in on a daily basis were absolutely, totally recreational. You were unemployed.
>
> The PSI reporter indicated that you told that individual that you were using marijuana on a daily basis. You were not at that time pursuing a GED, at least as near as I can tell. You have been for quite some time diagnosed with serious mental health issues. There apparently was no ongoing attempt to address those mental health issues.
>
> I am concerned by the assessment that you are at a moderate to high risk to re-offend. The author of the PSI report indicates that you should be referred for sex offender treatment, but while incarcerated.
>
> I believe for all of those reasons suspending a sentence or giving you a deferred judgment on these charges is not appropriate. I further, however, believe that running these prison sentences consecutive is not necessary under these circumstances primarily due to your age.

The reasoning as stated by the court demonstrates concern for the twin goals of rehabilitation of the defendant and protection of the community. In his argument, Smith assumes that because the court did not discuss the details of the offense or mention his time in psychiatric care, it did not give these factors consideration in support of a mitigated sentence. However, the court is under no general obligation to state all of its reasons for rejecting a particular sentence. *Id.* Smith also argues the conclusions made by the author of the PSI report are not

supported by the factual findings. To the extent Smith seems to be challenging the admissibility of the PSI report, he waived that challenge when he declined to object to the court relying upon the report at the sentencing hearing. To the extent Smith is arguing the court abused its discretion by giving too much weight to the report's conclusions, we look at the factors considered by the court.

The record clearly shows the court considered Smith's age, criminal record, employment circumstances, family circumstances, educational status, substance abuse history, mental health issues, and risk to re-offend. The court also considered the nature of the offense and the goals of sentencing to protect the community and to maximize Smith's opportunity for rehabilitation. Accordingly, we find the court properly exercised its discretion.

Smith also contests the portion of the five-year no-contact order prohibiting all contact or communication with juveniles under the age of eighteen. Smith contends that such an order has no statutory basis in this state and violates his constitutional rights as protected by the First Amendment. He argues, and the State agrees, that it is invalid because Iowa Code section 664A.1 only authorizes a no-contact order to protect "the alleged victim, persons residing with the alleged victim, or members of the alleged victim's immediate family." Smith claims a five-year order prohibiting him from contact with all juveniles would be "excessively broad and unreasonably restrictive."

In *State v. Lathrop*, our Supreme Court held that a condition of probation prohibiting contact with all minors was "unreasonably excessive," noting that such a condition "literally prohibits any and all contact with any person under the

age of eighteen regardless of how unintended, incidental, or innocuous such contact might be." 781 N.W.2d 288, 299 (Iowa 2010). Although the court in *Lathrop* addressed conditions of probation, we find the same concerns to be applicable in the instant case. Smith would not only be subjected to the same conditions as the defendant in *Lathrop*, he would also be prohibited from contacting his own younger siblings. Given the unreasonable excessiveness of the order and its lack of statutory authorization, we agree with both parties and vacate the portion of the no-contact order prohibiting contact with all juveniles under the age of eighteen. *See also State v. Hall*, 740 N.W.2d 200, 202-03 (Iowa Ct. App. 2007).

Finally, Smith argues the court failed to give adequate consideration to his ability to pay when it ordered him to reimburse the State for his attorney fees. However, because it does not appear a plan of restitution was completed pursuant to Iowa Code section 910.3 by the time the notice of appeal was filed, and because Smith has not yet pursued the remedy provided by Iowa Code section 910.7, we decline to address the issue at this time. *See State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999); *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999). The *Jackson* court held that until a plan of restitution under section 910.3 is completed, "the court is not required to consider the defendant's ability to pay." 601 N.W.2d at 357. The court also held that because section 910.7 allows a defendant to petition the district court for modification of a restitution plan if dissatisfied with the payments required by the plan, "unless that remedy has been exhausted, we have no basis for reviewing the issue in this

court." *Id.* On this record, we too have no basis for reviewing Smith's ability to pay.

## IV. CONCLUSION

The sentencing court considered statutory and other relevant factors and did not abuse its discretion in selecting the sentence of imprisonment, so we affirm that decision. The breadth of the no-contact order was unreasonable and exceeded statutory authority by covering persons not defined as victims. Accordingly, we vacate the no-contact order entered as part of the sentence and remand for entry of a no-contact order that complies with statutory authority. As there is no restitution plan and Smith has made no effort to exhaust his remedies at the district court, his restitution claim is not subject to our review.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART, AND REMANDED.**