# IN THE COURT OF APPEALS OF IOWA

No. 15-1430
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEPHANIE MARIE FATLAND,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, James M. Drew, Judge.

Defendant appeals her convictions for two counts of child endangerment resulting in bodily injury. **CONVICTIONS AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Defendant Stephanie Fatland appeals her convictions for two counts of child endangerment resulting in bodily injury. We determine the district court abused its discretion by imposing conditions prohibiting Fatland from having unsupervised contact with children under the age of five and becoming pregnant while on probation. We vacate her sentences and remand to the district court for resentencing as directed in this opinion.

## I.    Background Facts & Proceedings

Fatland was charged with three counts of child endangerment resulting in serious injury, in violation of Iowa Code section 726.6(5) (2013), class "C" felonies. The State alleged Fatland had shaken her five-month-old baby on three occasions, causing injury to the child. Fatland entered into a plea agreement in which she pled guilty to two counts of child endangerment resulting in bodily injury, in violation of section 726.6(6), class "D" felonies. The State agreed to dismiss the third charge of child endangerment and to stand silent at sentencing.

The district court accepted Fatland's guilty pleas. The court sentenced her to a term of imprisonment not to exceed five years on each count, to be served consecutively. The court then suspended the sentences and placed Fatland on probation for a period of five years with the conditions, "Shall have no unsupervised contact with children under the age of 5 years," and "Shall not become pregnant while on probation."

Fatland filed a Motion to Reconsider a Condition of Probation, stating the court had improperly infringed upon her fundamental right to bear children by the condition on her probation prohibiting her from becoming pregnant. The court

denied the motion, finding "temporarily prohibiting the defendant from becoming pregnant is directly related to the defendant's criminal conduct and her rehabilitative needs." Fatland now appeals.

## II.   Standard of Review

"When a defendant challenges the terms of probation, '[i]t has long been a well-settled rule that trial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion.'" *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006) (citation omitted). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 445.

## III.   Conditions of Probation

**A.**   Fatland first claims the district court abused its discretion by prohibiting her from having "unsupervised contact with children under the age of 5 years." She states the restriction is unnecessarily restrictive because it does not provide an exception for unintended, incidental, or innocuous contact. Fatland states the restriction would prohibit her from most everyday activities, such as going to the store, because a child under the age of five might be present.

In *State v. Lathrop*, 781 N.W.2d 288, 291 (Iowa 2010), a probation condition was imposed on a defendant ordering him to "have no contact with anyone under the age of 18 without the permission of his supervising officer." The Iowa Supreme court noted, "[t]he legislature has given the courts broad, but not unlimited, authority in establishing the conditions of probation." *Lathrop*, 781 N.W.2d at 298–99. A condition of probation should be "reasonably related to the

crime of which defendant was convicted or to future criminality," and at the same time not be unnecessarily harsh or excessive. *Id.* at 299. The court concluded the probation condition was unreasonable and stated:

> We vacate the no-contact condition of the defendant's probation, and remand this case to the district court for the opportunity to fashion a more realistic and precise condition on the defendant's probation that would ensure he does not have contact with minors in situations that would jeopardize the safety of the community and the defendant's rehabilitation.

*Id.* at 301.

In *State v. Hall*, 740 N.W.2d 200, 201 (Iowa Ct. App. 2007), a probation condition was imposed prohibiting the defendant from being "in the immediate vicinity of locations where children are normally found," and he was ordered to "have no contact with minors [with the] exception [of] incidental contact in public places where other responsible adults are present." We found:

> We disagree with Hall's assertion that the restriction on contact with minors would prevent him from going to public places where children are present because the restriction contains an exception for "incidental contact in public places where other responsible adults are present." We find the prohibition against being "in the immediate vicinity of locations where children are normally found," with an exception for incidental contact, is neither an overbroad nor unreasonable condition of Hall's probation.

*Hall*, 740 N.W.2d at 204. We found, however, the probation condition was ambiguous concerning communication with minors, and possibly excessively broad, because there was no exception for incidental communication with minors. *Id.* at 205. We remanded to the district court for "clarification of the restriction on communication with minors to allow an exception for incidental communication with minors where other responsible adults are present." *Id.*

We vacate the condition on Fatland's probation prohibiting her from having unsupervised contact with children under the age of five years. We remand to the district court for resentencing in order to create a more realistic and precise condition on her probation regarding contact with young children. The condition should not jeopardize the safety of the community and her rehabilitation, but at the same time, it should not be overbroad and unduly restrictive of her freedom and autonomy. *See Lathrop*, 781 N.W.2d at 301. The condition should contain an exception for "incidental contact in public places where other responsible adults are present." *See Hall*, 740 N.W.2d at 204.

**B.** Fatland claims the condition on her probation prohibiting her from becoming pregnant while she is on probation violates a constitutionally protected fundamental right. The State agrees this probation condition is unreasonable. *See People v. Zaring*, 10 Cal. Rptr. 2d 263, 270 (Cal. Ct. App. 1992) (holding a condition prohibiting a defendant from getting pregnant during the term of her probation was unlawful and must be stricken); *Rodriguez v. State*, 378 So. 2d 7, 10 (Fla. Dist. Ct. App. 1979) (holding a condition of probation prohibiting defendant from becoming pregnant was invalid because the condition was not reasonably related to future criminality); *Trammell v. State*, 751 N.E.2d 283, 290–91 (Ind. Ct. App. 2001) (vacating a condition of probation prohibiting defendant from becoming pregnant, finding the condition "excessively impinges upon her privacy right of procreation and serves no discernible rehabilitative purpose"); *State v. Mosburg*, 768 P.2d 313, 315 (Kan. Ct. App. 1989) (finding the probation condition ordering the defendant to refrain from becoming pregnant should be stricken because it unduly intruded upon her right to privacy); *State v. Livingston*,

372 N.E.2d 1335, 1337 (Ohio Ct. App. 1976) (finding a condition prohibiting defendant from having another child during the five-year probationary period was void because it was unconstitutional and an unreasonable burden); *but see State v. Kline*, 963 P.2d 697, 699 (Or. Ct. App. 1998) (finding a condition of probation requiring a defendant to complete drug counseling and anger management treatment before fathering any children should be upheld because it did not impose a total ban on his reproductive rights); *State v. Oakley*, 629 N.W.2d 200, 212–13 (Wis. 2001) (upholding a condition prohibiting a defendant from fathering any more children until he demonstrated he had the ability to support them and was supporting the children he already had, finding the condition was reasonable and not overly broad as it was less restrictive than incarceration).

We determine the condition prohibiting Fatland from becoming pregnant while on probation should be eliminated from the sentencing order. The condition impinges upon her fundamental right to procreation. *See Catholic Charities v. Zalesky*, 232 N.W.2d 539, 552 (Iowa 1975) (Reynoldson, J., concurring specially) ("Marriage and procreation are fundamental to the very existence and survival of the race." (quoting *Skinner v. Oklahoma*, 316 U.S. 535, 541 (1942))).

We affirm Fatland's convictions for child endangerment causing bodily injury. We vacate the sentencing order and remand to the district court for resentencing as directed in this opinion.

**CONVICTIONS AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**