# IN THE COURT OF APPEALS OF IOWA

No. 16-1203
Filed March 22, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH JAMES JEAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Madison County, Gregory A. Hulse, Judge.

A defendant appeals the sentence imposed following his plea of guilty to incest. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Joseph Jean appeals the sentence imposed following his guilty plea to incest. He claims the district court abused its discretion by ordering a prison term and by prohibiting his contact with minors. We conclude the court properly exercised its discretion in denying probation, but we remand for the court to strike language from the sentencing order that forbids Jean from having contact with persons under eighteen years of age.

## I.      Facts and Prior Proceedings

The State charged Jean, age fifty-two, with two counts—sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code section 709.4(1) (2016), and incest, a class "D" felony, in violation of Iowa Code section 726.2. The minutes of evidence alleged Jean inserted his finger into the vagina of his twenty-one-year-old daughter, who had an intellectual disability.[1] Jean reached a plea agreement with the State and pleaded guilty to incest, admitting he committed a sex act with his daughter. In exchange, the State dismissed the other charge. The parties were free to argue for the appropriate sentence.

At the sentencing hearing, the victim read a statement explaining the toll her father's crime had taken on her:

> I have had many nights that I could not sleep. I have been emotionally affected by not trusting people like I used to. I have had a lot of people say that I have trusted in the past that I no longer am able to trust, including many of my friends. I have been more of a homebody.

---

[1] Witnesses were prepared to testify for the State that Jean's daughter had the "mental capacity" of a thirteen-to-fourteen year old.

The prosecutor sought a five-year prison term and sex-offender treatment, arguing Jean did not understand that his actions "really impacted [his daughter], impacted [her] mom, [and] impacted his roommate who discovered it."

By contrast, defense counsel urged the sentencing court to follow the recommendation of the presentence investigation (PSI) report for a suspended prison sentence and supervision within the community. Counsel emphasized that Jean had no prior criminal history and a solid employment record. Counsel also pointed to sex-offender assessments that rated Jean as a low risk to reoffend. Counsel stated Jean was willing to have "no contact with minors until approved by the program."[2] Jean then addressed the court and apologized for his actions.

The district court noted "the victim in this case was seemingly not able to protect herself because of her own restrictions and disability." The court surmised Jean's behavior had "a substantial effect" upon her. The court rejected the PSI report's recommendation of probation, finding it would "unduly depreciate the seriousness of the offense." The court also expressed concern that Jean could not concentrate on sex-offender treatment outside of prison because he was "struggling to find a place to live" and a "means to support himself." The court imposed a period of incarceration not to exceed five years and a ten-year special sentence under Iowa Code section 903B.2. In addition, the court issued an order of protection prohibiting Jean from having contact with his daughter.

---

[2] The PSI recommended the following condition of probation: "The defendant shall not have contact with any person under the age of [eighteen] or work or volunteer for any organizations that involve people under the age of [eighteen] until approved by the 5th Judicial District Sex Offender Treatment Program."

The court's written sentencing order also prohibited Jean from having contact with any person under the age of eighteen. Jean now appeals.

## II. Scope of Review

We review sentencing decisions for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the district court imposes a sentence within the statutory limits, it is "cloaked with a strong presumption in its favor." *Id.* Jean's prison sentence is within the statutory limits. *See* Iowa Code § 902.9(1)(e) (stating a class "D" felon "shall be confined for no more than five years"). We will find an abuse of discretion when the record does not support the sentencing decision. *See State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006).

## III. Analysis

## A. Prison Term

Jean argues the district court abused its discretion by sentencing him to prison instead of granting his request for probation. Complaining the court imposed the "most harsh sentence possible," Jean questions the rationale behind the decision, asserting (1) the fact Jean committed incest in his bedroom does not "implicate a danger to the public" and (2) the fact Jean was without a job or home does not mean "he could not successfully complete sex-offender treatment while on probation." Jean also points to his low risk of reoffending revealed through psychological testing.

We find no abuse of discretion in the court's rejection of probation. The court properly considered Jean's "age, his prior [criminal] record, his employment circumstances, his family circumstances, the nature of the offense, and all other information contained in the [PSI] report." *See* Iowa Code § 907.5(1). The court

also weighed the attorneys' arguments and Jean's statement to the court. The court measured these factors with the goal of protecting the community and offering the maximum opportunity for Jean's rehabilitation. The court reasonably believed Jean's unemployment and homelessness would distract from his efforts at sex-offender treatment if he was placed on probation. The court also discussed the impact of the crime on the victim, an appropriate consideration at sentencing. *See State v. Sailer*, 587 N.W.2d 756, 763 (Iowa 1998). On this record, Jean has failed to overcome the presumption that the sentencing court acted within its discretion.

**B. Special Condition**

Jean next argues the district court imposed unreasonable prohibitions on his contact with minors. At issue is the following language from the written sentencing order: "Defendant shall not have contact [with] any person under the age of [eighteen] or work or volunteer for any organizations that involve people under the age of [eighteen]."

Jean contends this restriction is not reasonably related to his crime and the language is overly broad, citing *State v. Lathrop*, 781 N.W.2d 288, 300-01 (Iowa 2010) (vacating order stating defendant shall not have contact with anyone under the age of eighteen without the permission of his supervising officer); *State v. Fatland*, 882 N.W.2d 123, 125 (Iowa Ct. App. 2016) (ruling order that defendant have no contact with children under age five was overbroad and unduly restrictive); and *State v. Hall*, 790 N.W.2d 200, 204-05 (Iowa Ct. App. 2007) (holding restriction on defendant's communication with any person under eighteen years of age with no exception for incidental communication was

unreasonably restrictive). Jean asserts the court barred him from "any number of public places where minors are regularly present such as grocery stores, movie theaters, libraries, fast-food restaurants, parks, or even public streets." He seeks a remand to remove the prohibition on contact with minors.

The State agrees "this language is too broad as presently written" and "creates a de facto lifetime ban on contact with persons under the age of eighteen." The State argues the appropriate remedy is to remand for the district court to either remove or modify the language.

"Courts may not impose probation conditions that involve 'a greater deprivation of liberty than is reasonably necessary.'" *Hall*, 740 N.W.2d at 204 (citation omitted). In *Hall*, *Lathrop*, and *Fatland*, the remedy for overly broad prohibitions on contact with children was to remand for resentencing where a more realistic and precise condition could be imposed. *See Lathrop*, 781 N.W.2d at 301; *Fatland*, 882 N.W.2d at 125-26; *Hall*, 740 N.W.2d at 204-05. But all three of those cases involved crimes against children. Here, the victim was Jean's adult daughter. This record does not reveal a reasonable relationship between Jean's offense and the restriction on his contact with children. *See Valin*, 724 N.W.2d at 449 (finding district court abused its discretion by imposing unreasonable special conditions of probation). Therefore, we remand for the district court to strike the language from the sentencing order that forbids Jean from having contact with persons under eighteen years of age.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**