# IN THE COURT OF APPEALS OF IOWA

No. 16-1916
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY ALLEN STANDLEE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Defendant appeals from his sentences for two counts of sexual abuse in the second degree and one count of indecent exposure; he also challenges the no-contact order that was entered by the district court. **SENTENCE AFFIRMED; WRIT SUSTAINED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Cody Standlee entered *Alford* pleas[1] to two counts of sexual abuse in the second degree and one count of indecent exposure. The court sentenced him to a term not to exceed twenty-five years for each count of sexual abuse in the second degree and ordered Standlee to serve the sentences consecutively. The one-year sentence for indecent exposure was set to run concurrently to the other sentences. Additionally, following the sentencing hearing, the court entered a new five-year no-contact order which listed as protected persons the two children Standlee abused as well as "all children under the age of eighteen years."

On appeal, Standlee maintains the district court failed to state adequate reasons on the record for imposing consecutive sentences. He also claims the district court erred in naming "all children under eighteen" as part of the no-contact order. We review the sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse "absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

"Sentencing courts should . . . explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). Here, the court stated the following:

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting a crime.").

> Counts I and III in FECR 295471 shall run consecutive to each other with a mandatory minimum of 17.5 years or 70 percent on each count for a total period not to exceed 50 years.
> The sentences in FECR 295471 are consecutive based on the following: The separate and the serious nature of the offenses and to provide Mr. Standlee with the maximum incentive to comply with the terms and conditions that are imposed upon him.

While this statement by the court is "terse and succinct," it is also sufficient to allow our review of the sentencing court's discretionary action. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) ("While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'"). Thus, this statement is adequate, pursuant to Iowa Rule of Criminal Procedure 2.23(3)(d) and *Hill*.

Next, we consider Standlee's claim regarding the scope of the no-contact order entered by the district court. The State maintains Standlee may not appeal the order on direct appeal because it is not "the defendant's final judgment of a sentence." *See* Iowa Code § 814.6(1)(a) (2016). The State correctly concedes that we have permitted a defendant to directly appeal a no-contact order when it was part of the sentencing order but maintains this is not one of those instances. Because the sentencing order is silent as to the no-contact order and Standlee is claiming the district court exceeded its jurisdiction, this claim should have been raised as a certiorari action.[2] We treat the appeal as such, and we grant the

---

[2] Although the sentencing order itself is silent as to the no-contact order, at the sentencing hearing, the court advised the parties it had a proposed no-contact order to take the place of the prior order, allowed the parties to make argument regarding the scope of the new order, and pronounced the court's decision regarding the modified order as part of the sentence.

writ.[3]  *See* Iowa R. App. P. 6.108; *see also Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 (Iowa 2014) ("When an appeal should have been filed as a writ of certiorari, our rules of appellate procedure authorize us to consider the appeal as though it was properly filed as a certiorari action.").

Standlee argues, and the State concedes, that the district court exceeded its power when it named "all children under the age of eighteen" as protected persons. Iowa Code section 664A.1(1) limits the persons a defendant may be ordered to have no contact with to "the alleged victim[s], persons residing with the alleged victim[s], or members of the alleged victim[s'] immediately family." We vacate the no-contact order insofar as it includes "all children under the age of eighteen." "Because the no-contact order was not authorized by statute," we remand to the district court to enter a corrected order and to determine if there are other parties who need to be specifically named in the new order pursuant to section 664A.1. *See State v. Hall*, 740 N.W.2d 200, 205 (Iowa Ct. App. 2007).

**SENTENCE AFFIRMED; WRIT SUSTAINED.**

---

[3] The State maintains we should deny the writ because "the defendant did not raise this issue to the district court." We disagree. The district court heard arguments at the sentencing hearing regarding the scope of the no-contact order and decided to include all persons under the age of eighteen in spite of Standlee's urging to do otherwise.