# IN THE COURT OF APPEALS OF IOWA

No. 16-0870
Filed July 19, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOSHUA DAVID JOHNSON,**
　　　　Defendant-Appellant.

_____

　　　　Appeal from the Iowa District Court for Washington County, Annette J. Scieszinski, Judge.

　　　　A defendant challenges his sentence following a probation revocation hearing. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

　　　　Considered by Doyle, P.J., McDonald, J., and Blane, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

After engaging in sexual intercourse with a fifteen-year-old he believed to be eighteen, Joshua Johnson was charged with sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(b)(3)(d) (2015). While the case was pending, Johnson violated the conditions of his pretrial release by marrying his girlfriend and living with her two-year-old daughter. Johnson then pled guilty to the charged offense. At sentencing, judgment was deferred, and Johnson was placed on probation for three years. Johnson filed a pro se motion to terminate the probation requirement, titled "Why Probation Won't Do Any Good." Johnson argued he had no sexual desire for minors, and therefore, his probation requirement limiting contact with minors, including his step-daughter, was misguided and arbitrary. The district court denied his motion. Subsequently, Johnson violated his probation, including by having continued contact with his step-daughter. The district court revoked Johnson's probation and deferred judgment and imposed a ten-year sentence. Johnson now appeals.

## I. Standard of Review

We review challenges to terms of probation for abuse of discretion. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). Our "task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 445.

## II. Analysis

Johnson argues the terms of his probation were not reasonably related to his rehabilitation or the protection of the community. *See* Iowa Code § 907.6 (providing the court may impose reasonable conditions on probation that promote

rehabilitation or community protection). "A condition of probation promotes the rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant, or some threat posed to the community by the defendant." *Valin*, 724 N.W.2d at 446 (citations omitted). "A condition is reasonable when it relates to the defendant's circumstances in a reasonable manner, and is justified by the defendant's circumstances." *Id.* (citations omitted).

In contrast, a condition is "not reasonable if it is found to be 'unnecessarily harsh or excessive in achieving the goals' of rehabilitation and community protection." *State v. Lathrop*, 781 N.W.2d 288, 299 (Iowa 2010) (citation omitted).

> A reasonable nexus must exist between any special condition of probation and the crime for which it is imposed. A condition of probation which requires or forbids conduct which is not itself criminal is valid only if that conduct is reasonably related to the crime of which defendant was convicted or to future criminality.

*Id.*

In *Lathrop*, the supreme court held it was unnecessarily excessive for a probation term to prohibit all unsanctioned contact with minors and instructed the district court to craft "a more realistic and precise condition" related to the goals of probation. *Id.* at 301. Johnson here alleges his probation agreement suffers from the same deficiency.

The court in *Lathrop* distinguished its facts from another case, *State v. Hall*, 740 N.W.2d 200, 204 (Iowa Ct. App. 2007), in which our court held reasonable a similar prohibition "because the restriction contain[ed] an exception

for 'incidental contact in public places where other responsible adults are present.'" While Johnson's *probation agreement* contains the same language held unreasonable in *Lathrop*—requiring pre-approval for any contact with a minor—Johnson's *sex offender treatment contract* contains similar language to that of *Hall*: "Incidental contact with minors is not prohibited, but is to be reported to treatment staff and [the] supervising officer." The record suggests Johnson is expected to comply with both the probation agreement and sex offender treatment contract. As a result, we think the language of the probation agreement is improper unless the probation agreement text is interpreted together with the language of the sex offender treatment contract, allowing incidental contact with minors.

Nonetheless, we affirm the judgment of the district court. First, the probation violations alleged against Johnson did not involve incidental contact; they involved living with a minor child. That living arrangement would violate even the reasonable *Hall* prohibition. Second, Johnson was charged with multiple separate probation violations, including: terminating his mental-health counseling, missing curfew several times, skipping group treatment on multiple occasions, failing to report contact with law enforcement to his supervising officer, quitting employment without permission or approval from his supervising officer, missing an appointment with his supervising officer, and lying to his supervising officer about his living arrangement. The court excused one of Johnson's absences from group treatment due to a death in the family but otherwise found all these allegations credible and proven by a preponderance of the evidence. Even if Johnson were right about the challenged ground, the other

grounds "adequately support the revocation order." *State v. Farmer*, 234 N.W.2d 89, 91 (Iowa 1975).

We therefore affirm the judgment of the district court.

**AFFIRMED.**