# IN THE COURT OF APPEALS OF IOWA

No. 18-1179
Filed January 9, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ERIC JOHN HELLMAN,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Terry Rickers, Judge.

Eric Hellman appeals his conviction and sentence for assault causing bodily injury. **CONDITIONALLY AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

A jury found Eric Hellman guilty of assault causing bodily injury. On appeal, he argues: (1) his trial counsel was ineffective, (2) the district court applied the wrong standard when deciding his motion for new trial, (3) the district court imposed court costs without making the required finding of his reasonable ability to pay, and (4) the district court's no-contact order improperly classified his mother as an "intimate partner" and, as a result, improperly imposed a firearms prohibition. We conditionally affirm and remand with instructions.

## I.     Facts and Prior Proceedings

On Saturday, June 17, 2017, Hellman went to his parents' home. He wanted his mother, Cherie Hellman, to help fix his cellphone. While communicating with the phone company, Hellman became increasingly agitated.

According to Cherie, she tried to sneak out of the house when Hellman became enraged. Hellman prevented her exit by "body checking" her into the door. J.H., Hellman's daughter, fled the house. Hellman held Cherie against the door and hit her in the mouth. She was unable to call 911 because, at some point, Hellman had confiscated her cellphone. Eventually, Hellman released her and she fled toward her car.

At about the same time, Cherie's husband arrived at the home. J.H. ran to him. Meanwhile, Hellman threw Cherie's phone into her car and shoved her inside. She escaped alone in her car. Once on the road, she called 911 and asked for assistance to be sent to her husband and J.H.

She then headed to the police station. She was told to come back Monday to file a report. So Cherie, her husband, and J.H. left town for the weekend.

On Monday, they returned to file a police report. Deputy Sheriff Jesse Swensen took photographs of Cherie's bruising and injuries. At trial, Deputy Sheriff Swensen opined that the injuries were consistent with Cherie's account of the assault.

When law enforcement interviewed Hellman, he relayed a different account of events. He told Deputy Kent Gries that he and Cherie got into an argument about landscaping at his home. During the argument, Cherie hit Hellman nine times in the face with her cane. But Deputy Gries testified he saw no visible injuries. And Hellman did not want to pursue any charges against Cherie.

The State charged Hellman with assault causing bodily injury in violation of Iowa Code section 708.1(2) (2017). A jury found Hellman guilty as charged. The district court imposed a suspended sentence and entered a no-contact order. Hellman appeals.

## II.      Ineffective-Assistance-of-Counsel Claims

Hellman raises many ineffective-assistance claims.[1] He first argues counsel was ineffective for failing to object to various out-of-court statements made by three different individuals. He next argues counsel was ineffective for failing to ask the court to admonish the jury to disregard inadmissible bad-act evidence. And

---

[1] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

he claims counsel was ineffective for failing to object to a jury instruction concerning his out-of-court statements. Finally, Hellman asks this court to consider the cumulative effect of counsel's errors. *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012) ("Under Iowa law, we should look to the cumulative effect of counsel's errors to determine whether the defendant satisfied the prejudice prong of the [ineffective-assistance] test.").

Our review of ineffective-assistance claims is de novo. *State v. Albright*, 925 N.W.2d 144, 151 (Iowa 2019). "Because '[i]mprovident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel,' . . . postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) (citation omitted); *see State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his [or her] day in court, especially when his [or her] professional reputation is impugned.").

We find the record is sufficient to address Hellman's claim regarding the jury instructions. Hellman contends trial counsel should have objected to an instruction that the jury could "consider" Hellman's out-of-court statements "as part of the evidence, just as if they had been made at this trial." But "[t]his court has repeatedly rejected the same challenge to the same instruction." *State v. Lustgraaf*, No. 18-0167, 2019 WL 1055838, at *1 (Iowa Ct. App. Mar. 6, 2019) (collecting cases); *accord State v. Chrzan*, No.18-1327, 2019 WL 5067174, at *3

(Iowa Ct. App. Oct. 9, 2019) (collecting cases).[2] Likewise, we reject Hellman's jury instruction claim.

As for Hellman's other claims of ineffective counsel, however, we find the record is insufficient for our review. So we preserve them for a future postconviction proceeding.

## III.    Weight-of-the-Evidence Standard

Next Hellman contends the district court applied the incorrect standard when denying his motion for new trial. He claims the district court deferred to the jury's credibility findings rather than making the credibility determination required under *State v. Ellis*, 578 N.W.2d 655 (Iowa 1998).

"Trial courts have wide discretion in deciding motions for new trial." *Ellis*, 578 N.W.2d at 659. But where, as here, a party claims the district court failed to apply the proper standard, our review is for correction of errors at law. *State v. Wells*, 738 N.W.2d 214, 218 (Iowa 2007); *see also* Iowa R. App. P. 6.907.

"Iowa Rule of Criminal Procedure 2.24(2)(b)(6) permits a district court to grant a motion for new trial when a verdict is contrary to the weight of the evidence." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). "The weight-of-the-evidence standard requires the district court to consider whether more 'credible evidence' supports the verdict rendered than supports the alternative verdict." *Id.* This standard differs from the sufficiency-of-the-evidence because it "requires the

---

[2] Although, to be clear, our decisions have not always been unanimous. *See State v. Wilson*, No. 18-0536, 2019 WL 6894231, at *5, (Iowa Ct. App. Dec. 18, 2019) (Tabor, J., concurring specially); *State v. Payne*, No. 17-0111, 2018 WL 1182624, at *11–12 (Iowa Ct. App. Aug. 15, 2018) (Tabor, J., dissenting); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *6–7 (Iowa Ct. App. June 20, 2018) (Tabor, J., dissenting).

district court to independently 'weigh the evidence and consider the credibility of witnesses.'" *State v. Walden*, No. 18-0209, 2019 WL 6358300, at *9 (Iowa Ct. App. Nov. 27, 2019) (quoting *Ellis*, 578 N.W.2d at 658). The district court must become "an independent trier of fact." *State v. Fister*, No. 15-1542, 2016 WL 6636688, at *6 (Iowa Ct. App. Nov. 9, 2016). And "[t]he district court errs by failing to 'engage in any independent evaluation of the evidence or make any credibility determinations of the witnesses.'" *Id.* (citations omitted).

When ruling on Hellman's motion for new trial, the district court stated,

> The court determines that there was sufficient evidence and that the weight of the evidence presented by the State during the trial sustains the guilty verdict rendered by the jury as indicated when the jury was instructed. *The jury* has the option of believing all, some or none of the testimony presented by a particular witness.
>
> It is clear to the court that *the jury found* the complaining witness's testimony *to be credible* and compelling. And *operating under the assumption that the jury found* the complaining witness's testimony *to be credible*, there is sufficient evidence to find beyond a reasonable doubt that assault occurred in this case that there was unjustified, unwanted physical contact between the defendant and the complaining witness, the defendant's mother. And the defendant's mother testified that she suffered pain as a result of the physical contact initiated by the defendant, which is sufficient to sustain a verdict for assault causing bodily injury. So bottom line is, the weight of the evidence does sustain the jury's verdict in this case, and the motion for new trial will be denied.

(Emphasis added.)

This record suggests the district court deferred to the jury's presumed findings regarding credibility. It does not show the court made "independent" credibility findings. *See Walden*, 2019 WL 6358300, at *9. So we "vacate the district court's ruling on the defendant's motion for new trial and remand the case 'for the purpose of allowing the district court to rule on [Hellman's] motion applying the correct weight-of-the-evidence standard.'" *Fister*, 2016 WL 6636688, at *6

(quoting *State v. Curtis*, No. 04-1878, 2005 WL 1398337, at *2 (Iowa Ct. App. June 15, 2005)).

## IV. Reasonable-Ability-to-Pay Determination

Hellman also argues the district court improperly ordered him to pay court costs without making a reasonable-ability-to-pay determination. We agree. Iowa Code section 910.2(1)(a)(3) provides that the district court may only order restitution for costs after finding the defendant has a reasonable ability to pay. *See State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019). At sentencing, the district court found Hellman was "ha[d] no reasonable ability to repay the costs of court appointed counsel fees" but made no finding on court costs. *See* Iowa Code § 910.2(1)(a)(4). So we vacate the restitution portion of the sentencing order.

## V. No-Contact Order

Finally, we address the no-contact order entered as part of Hellman's sentencing. Hellman concedes the district court had authority to enter a no-contact order under Iowa Code section 664.5. But the order included a specific finding that Hellman and his mother met the definition of intimate partners under 18 U.S.C. § 921(a)(32). Hellman claims this finding is incorrect. And because the intimate partner definition is not satisfied, Hellman contends, the no-contact order should not have prohibited him from possessing firearms. The State concedes on the intimate partner issue and asks this court to vacate that portion of the no-contact order. Even so, the State notes, "[a]ccording to the trial record," Hellman "is a felon and subject to section 724.26's prohibition on weapon possession."

We review sentencing challenges for corrections of errors at law. *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005). "The court's authority to impose

sentence is created by statute, and any sentence not authorized by statute is illegal and void." *State v. Grover*, No. 14-0072, 2014 WL 7343514, at *1 (Iowa Ct. App. Dec. 24, 2014). This applies equally to a no-contact order entered as part of sentencing. *State v. Hall*, 740 N.W.2d 200, 202 (Iowa Ct. App. 2007).

We begin with the intimate partner issue. Under 18 U.S.C. § 921(a)(32), an "intimate partner" of a person refers to "the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person." We accept the parties' agreement that Hellman and Cherie are not in any of these relationships. So we agree with the parties that "intimate partner" portion of the no-contact order must be vacated.

We turn next to the firearms issue. "Chapter 664A, standing alone, does not authorize the firearms prohibition." *Grover*, 2014 WL 7343514, at *5. Without the intimate-partner finding, we see no basis for an order concerning firearms. Even assuming Hellman is a felon subject to the statutory prohibitions of Iowa Code section 724.26 (and we express no opinion as to whether he is), it is not clear that this alone would justify a no-contact order—the violation of which could carry its own independent penalties—limiting Hellman's right to possess arms. The State cites no authority to show it would. So we find the firearms prohibition must be vacated.

## VI. Conclusion

We vacate the district court's ruling on the motion for a new trial and remand for application of the correct weight-of-the-evidence standard. We offer no opinion as to whether the motion should be granted or denied.

If the district court grants the motion, Hellman's judgment and sentence should be vacated, and a new trial should be granted. If, on the other hand, the district court denies the motion, then the judgment and sentence will stand affirmed except (1) we vacate the restitution portion of the sentencing order and (2) we vacate the "intimate partner" finding and the firearms prohibition on the no-contact order. So if the district court denies the motion for new trial, the court should (1) make a reasonable-ability-to-pay determination and enter a corrected sentencing order and (2) enter a corrected no-contact order.

**CONDITIONALLY AFFIRMED AND REMANDED WITH INSTRUCTIONS.**