STATE of Iowa, Appellee,

v.

Julie Lynne JORGENSEN, Appellant.

No. 97–1570.

Supreme Court of Iowa.

Dec. 23, 1998.

Renee V. Sneitzer of Blackstock Law Offices, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, J. Patrick White, County Attorney, and Rivka Sorensen, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

PER CURIAM.

The defendant, Julie Jorgensen, appeals from the sentence entered upon her conviction for interference with official acts. Iowa Code § 719.1 (1997). Finding the sentencing court improperly ordered her to participate in a batterer's education program and improperly considered an offense of which she had been acquitted, we vacate the sentence and remand the case for resentencing.

### I. Factual Background and Proceedings.

The defendant and her boyfriend, Scott Onnen, became involved in an altercation while traveling in a vehicle. Onnen ultimately left the car and was confronted by officer Kevin Berg near the Iowa City Civic Center. Officer Matt Johnson was present to provide assistance to officer Berg. Shortly thereafter, the defendant arrived at the scene. The defendant was stopped by officer Johnson when she attempted to approach officer Berg and Onnen. The defendant persisted and was arrested.

The defendant was tried on charges of simple domestic abuse assault and interference with official acts. She relied on the defense of justification. The jury found her not guilty of domestic abuse and guilty of interference with official acts. The defendant was sentenced to thirty days in jail with all but two days suspended and a year of probation. She was given credit for time served and was ordered to pay a $250 fine and attend a batterer's education program as a condition of her probation.

The defendant appealed, claiming the sentencing court had abused its discretion and had committed a double jeopardy violation. Specifically, she argued the court had improperly considered the domestic abuse offense of which she had been acquitted when sentencing her on the interference charge. Her case was transferred to the court of appeals, which affirmed, and we granted the defendant's application for further review.

### II. Scope of Review.

Our review is for the correction of errors at law. Iowa R.App. P. 4. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors. *State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983). A sentence will be set aside and a case remanded when a sentencing court relied upon charges that were neither admitted by the defendant nor otherwise proven. *See State v. Black,* 324 N.W.2d 313, 315 (Iowa 1982).

### III. Batterer's Education Program.

The defendant challenges the sentencing court's authority to order her to attend a batterer's education program absent a conviction of domestic abuse. *See* Iowa Code §§ 708.2A(9), 708.2B. The legislature has given the courts broad, but not unlimited, authority in establishing the conditions of probation. *See State v. Rogers,* 251 N.W.2d 239, 242–43 (Iowa 1977); *see also* Iowa Code § 907.3(3). Probationers are subject to any reasonable conditions the court may impose to promote rehabilitation of the defendant or protection of the community. Iowa Code § 907.6; *State v. Akers,* 435 N.W.2d 332, 335 (Iowa 1989).

We cannot find the imposition of a batterer's treatment program was reasonable in this case. The defendant was acquitted of the domestic abuse charge and there was no indication she had a prior history of such conduct. The sentencing court erred in ordering this condition of probation.

### IV. Sentencing Court's Consideration of Acquitted Offense.

In sentencing the defendant on the interference charge, the district court ordered her to attend the batterer's education program because the court believed that was the "root of the problem that led to the

interference." Based upon the limited record presented on appeal, we conclude the district court improperly considered the domestic abuse offense for which the defendant had been acquitted when sentencing her on the interference charge.[1] We affirm the defendant's conviction, but her sentence must be vacated and the case remanded for resentencing.

**DECISION OF COURT OF APPEALS VACATED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

---

1. The parties only ordered the preparation of the sentencing transcript and a very limited portion of the trial transcript. We express no opinion as to whether the trial court's sentencing decision would otherwise have been supported by evidence contained in the omitted portions of the trial transcript.