# IN THE COURT OF APPEALS OF IOWA

No. 16-1816
Filed June 7, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFREY LEE SCHRADER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.

Jeffrey Schrader appeals from the sentence imposed after his plea of guilty to driving while barred, as a habitual offender. **SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Jeffrey Schrader appeals from the sentence imposed after his plea of guilty to driving while barred, as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561 (2016).

On July 27, 2016, Schrader entered a written guilty plea, which was made pursuant to a plea agreement. The plea memorandum provides, in part:

> The Court has the discretion to accept or reject any plea agreement made between the State and me. Additionally, the Court has the discretion to run any sentence I receive concurrently or consecutive with one another. This is a bargained plea. I have been informed by Justin T. Rogers, who is Prosecuting Attorney, that the State will recommend the following sentence and disposition:
> 1. A fine of $625 .00 plus any applicable statutory surcharge.
> 2. Incarceration for
> □ One (1) year in jail, with all but fifteen (15) days suspended.
> 3. □ One (1) year(s) of supervised probation to the Iowa Department of Correctional Services along with any applicable supervision fees.
> 4. Payment all costs and fees incurred for legal assistance, pursuant to § 815.9.
> 5. Payment of court costs.
> The foregoing paragraph reflects the entire agreement between the State and this Defendant.

The court entered an order that same date, July 27, which states in part: "[T]his court finds that the defendant has entered a plea of guilty as charged in the above-captioned matter and that a sentencing hearing should be set."

Sentencing was not reported. The October 20 judgment and sentencing order contains boilerplate language, including:

> Presentence Investigation. Pursuant to Iowa Code Sections 901.2-.4
> X No Presentence Investigation is required. None was ordered. In writing, pursuant to Iowa R. Crim. P. 2.23(1), (3); 2.24(3), Defendant waived time for sentencing, waived the right to

file a Motion in Arrest of Judgment and requested immediate sentencing.

In determining the sentence to be imposed the Court has considered that such sentence is consistent with the protection of the public, the gravity of the offense, the Defendant's criminal history, and the rehabilitative needs of the Defendant. Based on the record made, and pursuant to Iowa Code Sections 901.5-6.

The court sentenced Schrader to a term of imprisonment not to exceed two years with all but fifteen days suspended and ordered him to pay the fine, surcharge, and costs. Schrader was placed on probation for one year. As special conditions of probation, the district court also checked boxes ordering Schrader to "completely abstain from all controlled substances" and to "not enter taverns, liquor stores or other establishments where the primary activity is the sale of alcoholic beverages." Further, Schrader was ordered to "provide to the Department of Correctional Services and keep current all log in passwords for social media sites that he uses, including but not limited to Facebook, MySpace, and Twitter."

On appeal, Schrader contends the sentencing procedure was defective because it was not in accord with the parties' agreement.

We review sentencing decisions for errors of law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The decision of the district court will be reversed when "there is some defect in the sentencing procedure." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

Schrader's "waiver of rights and plea of guilty" form indicates this was a "bargained plea." There is no indication the plea agreement required the court's

concurrence as required by Iowa R. Crim. P. 2.10.[1]  *See id.* at 922.  The plea agreement was that the State would recommend a particular sentence upon Schrader's plea of guilty.

Problems arise, however, because the plea agreement is not entirely clear, and the district court apparently did not follow the parties' agreement.[2]

Our rules of criminal procedure allow for written plea agreements and waiver of formal proceedings.  But, as explained recently,

> Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to "state on the record its reason for selecting the particular sentence." . . .  In *State v. Thompson,* we reiterated the purposes served by requiring the sentencing court to explain its reasons for imposing a particular sentence.  [*Id.* at 919].  First, "[t]his requirement ensures defendants are well aware of the consequences of their criminal actions."  *Id.*  Second, and "[m]ost importantly," this requirement "affords our appellate courts the opportunity to review the discretion of the sentencing court."  *Id.*

*State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016).

---

[1] The rules of criminal procedure state:
> If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered.  Thereupon, if the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.

Iowa R. Crim. P. 2.10(2).
> The rules also state:
> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

Iowa R. Crim. P. 2.10(3).

[2] While it is allowable for the defendant to waive the making of a record in sentencing, the procedure is best used when there is a clear written joint plea agreement and the court chooses to follow it.  If the district court is not going to follow the recommendations of the plea agreement and the court's concurrence is not required, the failure to have a record of the proceedings may affect the appellate court's ability to review the adequacy of the court's reasons, which is compounded by the use of boilerplate sentencing orders.

The inclusion of boilerplate language and unchecked boxes in the plea agreement provide an ambiguous record from which this court is unable to determine the actual plea agreement. If we presume the agreement was that the State would recommend one year in jail and one year of probation (though neither box is checked), the district court's sentence of two years in prison does not follow that recommendation. This court is not able to adequately review why that recommendation was not followed or the reasons for the sentence because we have no presentence investigation report, no reported sentencing hearing, and only boilerplate sentencing language.[3] *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) (noting the absence of details of a plea agreement and whether the court followed the agreement or departed from the agreement leaves the reviewing court to speculate on how the court arrived at a particular sentence).

In addition, the district court imposed special conditions of probation. Schrader contends the conditions of probation noted above were imposed without adequate reasons. When a defendant challenges specific probation conditions or probation duration, our review is for abuse of discretion. *State v.*

---

[3] In *Thompson*, the supreme court stated:

> In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program. If the sentencing order does not have boxes similar to the ones in this case, the judge can use his or her word processor to insert the reasons for a particular sentence.

856 N.W.2d at 921.

*Valin*, 724 N.W.2d 440, 444 (Iowa 2006). There is an abuse of discretion when there is no support for the district court's decision in the record. *Id.* at 445.

Iowa Code section 907.6 provides, in pertinent part:

> Probationers are subject to the conditions established by the judicial district department of correctional services subject to the approval of the court, and any additional reasonable conditions which the court or district department may impose to promote rehabilitation of the defendant or protection of the community.

"The legislature has given the courts broad, but not unlimited, authority in establishing the conditions of probation." *State v. Jorgensen*, 588 N.W.2d 686, 687 (Iowa 1998). "[D]istrict courts are authorized to impose 'any reasonable conditio[n]' that either 'promote[s] rehabilitation of the defendant or protection of the community.'" *Valin*, 724 N.W.2d at 445-46 (citation omitted).

"A condition of probation promotes the rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant." *Id.* at 446. We agree with Schrader the conditions noted are not supported by an explanation and have no apparent nexus to the offense of driving while barred. *See id.* at 447 ("[I]t is axiomatic that such history is insufficient unless it reveals a problem currently suffered by the defendant relating to the need to rehabilitate the defendant or protect the community from the defendant.").

Due to the errors and ambiguities that arise from these written plea and sentencing proceedings, we vacate the sentence imposed by the district court, and we remand with the same instructions given in *Thacker*:

> On remand, if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced

by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record. . . .  If, on the other hand, the parties did not come to an agreement with respect to the particulars of the sentence or the district court departed from any agreement the parties may have had, then the district court exercised discretion and, as a result, must make a statement on the record as to why it exercised its discretion in the way it did.  On remand, there is no requirement the district court arrive at a different sentence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d).

862 N.W.2d at 410–11 (internal citation omitted).  *See also State v. McGowan*, No. 15-0561, 2016 WL 1130586, at *2 (Iowa Ct. App. Mar. 23, 2016).

**SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**