# IN THE COURT OF APPEALS OF IOWA

No. 16-0858
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRETT AARON HAUCK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt,

District Associate Judge.


        A defendant seeks discretionary review of the requirement he participate

in sex offender treatment as part of his probation.  **SENTENCE VACATED AND**

**REMANDED FOR RESENTENCING.**


        Adam D. Zenor of Grefe & Sidney, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Brett Hauck sought discretionary review of the conditions imposed upon him as part of his probationary sentence following his guilty plea to assault causing bodily injury or mental illness. *See* Iowa Code § 708.2(2) (2015). Following Hauck's guilty plea, the district court deferred the imposition of judgment and placed Hauck on probation for one year, imposing the requirement that he complete sex offender treatment. On appeal Hauck claims (1) the court abused its discretion in imposing treatment absent a finding of fact that the assault offense was sexually motivated, (2) sex offender treatment and the related conditions violate his constitutional rights, and (3) his guilty plea was not knowing and voluntary because the court failed to inform him of the possibly of the imposition of sex offender treatment.[1]

## I. Background Facts and Proceedings.

Hauck was initially charged with assault with the intent to commit sexual abuse, but he reached a plea agreement with the State to plead guilty to the lesser offense of assault causing bodily injury or mental illness, and the State agreed not to resist his request for a deferred judgment. The written guilty plea form provided:

> In order to establish a factual basis I ask the court to accept as true the minutes of testimony, the date of the offense is 9/18/15 and I admit I did the following: made physical contact with [the victim] which was insulting or offensive and resulted in depression and/or anxiety.

In the minutes of testimony, the victim asserted Hauck

---

[1] Because we reverse the district court's order based on the first allegation of error, we need not reach Hauck's remaining claims.

> grabbed [her] groin, fingers touching [her] vagina with thumb on outside and squeezed, then moved [his] hand forward and touch [her] clitoris with his fingers and rubbed in a slightly circular, up and down motion. [She] was in complete shock and couldn't fathom what was happening to defend [her]self or say anything. He took a few steps forward and turned around and smiled/laughed.

The minutes also contain a police report of Hauck's interview, where he asserted he did not touch the victim's groin but simply poked her in the stomach with his finger.

At the time the court accepted the guilty plea, it ordered a sex offender evaluation through the department of correctional services. No objection was made to this order. Prior to sentencing, Hauck's counsel filed a memorandum that argued the court should grant Hauck a deferred judgment and challenged the court's consideration of the sex offender evaluation. At sentencing, the court granted Hauck a deferred judgment, placed him on probation for one year, and also ordered him to complete sex offender treatment based on the recommendation of the sex offender evaluation. Hauck applied for discretionary review. The supreme court granted the application and stayed the district court proceedings pending the resolution of this appeal.

**II. Scope and Standard of Review.**

A challenge to the terms of probation is reviewed for an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). It is "well-settled rule that trial courts have a broad discretion in probation matters." *Id.* (citation omitted). But the discretion is not unlimited and is subject to any reasonable condition that promotes "rehabilitation of the defendant or protection of the

community." *State v. Jorgensen*, 588 N.W.2d 686, 687 (Iowa 1998) (citation omitted).

## III. Probation Condition.

Hauck claims the court abused its discretion by imposing sex offender treatment as a condition of his probation because he did not plead guilty to a sexually motivated offense.[2] In addition, he asserts there is no indication that sex offender treatment is necessary to accomplish a goal of probation because he has no history of sexual deviance that could need to be addressed.

The only justification for ordering Hauck to complete sex offender treatment as part of his probation was the sex offender evaluation. The recommendation in the evaluation was based on the evaluator's review of the victim's statement in the minutes of testimony, which the evaluator believed indicated Hauck "violated a boundary, in a sexual manner." In the written guilty plea, Hauck asked the court to accept as true the minutes of testimony but only to the extent necessary to establish a factual basis for the guilty plea.

For a factual basis to support the guilty plea, the record needed to support an act, "which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" and for the act to cause "bodily injury or mental illness." Iowa Code § 708.1(2)(a), .2(2). The guilty plea form contains an admission by Hauck that he "made physical

---

[2] He also asserts the district court abused its discretion in ordering the sex offender evaluation. However, no objection was made to the district court's decision to order the evaluation. The only challenge was to the district court's consideration of the evaluation at sentencing after the evaluation was completed. We thus consider Hauck's challenge to the district court's decision to order the evaluation not preserved. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).

contact with [the victim] which was insulting or offensive and resulted in depression and/or anxiety." But the form did not contain a factual description of the "physical contact."

The minutes of testimony contained two different descriptions of the physical contact. The victim's version included allegations of sexual misconduct, where Hauck's version did not. While it is clear the victim's version clearly amounts to an assault, the act Hauck admitted to committing—poking the victim's stomach with his finger—also amounts to an assault. It is clear from the minutes of testimony that Hauck denied performing the act the victim claimed he performed.

> "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them.

*State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (citation omitted). The victim's description of the physical contact between herself and Hauck was not necessary to establish a factual basis for the assault charge, and therefore, those facts are denied by Hauck. The court cannot rely on them in crafting the sentence.

In imposing sex offender treatment as part of Hauck's sentence, the court considered the sex offender evaluation, which included facts from the minutes of testimony that were not necessary to establish the factual basis for Hauck's guilty plea. The court therefore considered an impermissible sentencing factor, which amounts to an abuse of discretion. *See State v. Lovell*, 857 N.W.2d 241, 243

(Iowa 2014) ("Information contained in the minutes of testimony is not a permissible sentencing consideration if unproven.").

Even if the sex offender evaluation was properly considered, we still conclude ordering sex offender treatment as a condition of probation in this case was unreasonable. Probation is meant to promote the rehabilitation of the defendant and protect the community from further offenses. *State v. Lathrop*, 781 N.W.2d 288, 299 (Iowa 2010). Conditions imposed as part of probation must be reasonable and not arbitrary. *Id.* "A condition is reasonable when it relates to the defendant's circumstances in a reasonable manner, and is justified by the defendant's circumstances. Thus, the inquiry into the reasonableness of a condition of probation boils down to whether the statutory goals of probation are reasonably addressed." *Valin*, 724 N.W.2d at 446 (internal citations omitted). The condition should address some problem or need identified with the defendant. *Lathrop*, 781 N.W.2d at 299. "[A] reasonable nexus must exist between any special condition of probation and the crime for which it is imposed." *Id.* (citation omitted).

In this case the "reasonable nexus" connecting the sex offender treatment with Hauck was the unadmitted allegations of the victim. Those unadmitted allegations were improper for the sentencing court to consider. *See Jorgensen*, 588 N.W.2d at 687–88 (concluding it was improper to order defendant to complete a batterer's education program as part of her probation when she had been acquitted of domestic abuse). Absent the unadmitted facts in minutes of testimony, there was no information showing sex offender treatment addressed some other problem or need of Hauck in relation to the offense at issue. There

was also no history of Hauck committing sexual offenses. *See Valin*, 724 N.W.2d at 447 ("[A] defendant's background and history is also relevant when determining the conditions of probation. . . . Yet, it is axiomatic that such history is insufficient unless it reveals a problem currently suffered by the defendant relating to the need to rehabilitate the defendant or protect the community from the defendant."). Therefore, there is not a sufficient nexus between the assault offense and the requirement Hauck complete sex offender treatment as a condition of his probation.

Because we conclude the district court abused its discretion by considering unadmitted facts when determining Hauck's sentence and also conclude there is not a sufficient nexus between the crime and requirement Hauck complete sex offender treatment as part of his probation, we vacate Hauck's sentence and remand for resentencing before a different judge. *See Lovell*, 857 N.W.2d at 243; *Lathrop*, 781 N.W.2d at 301.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**